CASE 67—PETITION EQUITY—DECEMBER 11.

## Cumberland Valley Bank's Assignee v. Slusher.

APPEAL FROM BELL CIRCUIT COURT.

1. OFFICERS' RETURN, IMPEACHMENT OF.—In a suit to enjoin the levy of an execution upon certain property, and the subjection of same to the satisfaction of a sale bond executed by plaintiff, the ground being that the execution had been formerly levied

and the land sold and bought in by the plaintiff, an answer simply denying that the execution was ever levied and travers-ing the return of the sheriff upon the execution, together with an affirmative statement of facts constituting a denial, does not present a good defense under the provision of section 3760 of the Kentucky Statutes that the official certificate or return of an officer shall not be questioned in a collateral proceeding "except upon the allegation of fraud in the party benefited thereby, or mistake on the part of the officer."

2. SAME.—The allegation in the answer that defendant had entered a motion in open court that the execution, sale and return be-quashed, and that his motion had been sustained, was not a suffi-cient defense in the absence of an allegation that the plaintiff was before the court, or had notice of the motion.

3. STATUTORY CONSTRUCTION—PLEADING.—The allegation of the amended answer that the indorsement of the sheriff on the exe-cution was a mistake, or was made by fraud or mistake, and that defendant did not know which, is not sufficient under the provisions of section 3760. In alternative pleading, each altern-ative pleaded should be a complete or sufficient cause of action, or ground of defense.

4. PLEADING.—The allegations of the amended answer are not suffi-cient under the provisions of section 1710 of the Kentucky Stat-utes, which provides that sales made under execution by fraud, covin, or collusion may be set aside on the motion of any per-son aggrieved, or by petition in equity," there being no allega-tion that the sale was made under execution by fraud, cover or collusion.

TINSLEY & FAULKNER FOR APPELLANT.

1. Locke left no bid with the sheriff on this lot and the act of the sheriff in crying such a bid was fraudulent and void, and his return to the effect that the lot was sold to appellant was void. Brannin, etc. v. Broadus 94 Ky., 33. Addison on Contracts, page 1.

2. This is not a collateral attack on the officer's return, but a direct attack by petition to set it aside for fraud. Commonwealth v. Jackson, 10 Bush.

3. Courts of equity have always retained control over their execu-tions and always quashed returns when they were untrue in a direct proceeding for that purpose, and the provisions of sec-tion 1710 of the Kentucky Statutes were intended to cover just such cases as this.

J. S. HAYS OF COUNSEL ON SAME SIDE.

A. K. COOK FOR APPELLEE.

1. A sheriff's return can not be impeached by a mere denial, either directly or affirmatively, that the return is untrue; it can only be called in question in a collateral proceeding by alleging fraud on the part of him who is benefited by such return, or by alleging mistake on the part of the sheriff in making the same. Section 3760, Kentucky Statutes.

2. While alternative pleading is allowed by the Civil Code, each alternative plea must be sufficient if standing alone to constitute a cause of action, or a good defense. If the complaint is stated in the alternative form, and a cause of action is presented by one alternative, but not by the other, the pleading is not to be regarded as stating any cause of action, for the reason that the insufficient alternative may be the true one. L. & N. R. R. Co. v. Coppage, 7 Ky. L. R., 527.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

The appellee brought suit against the appellant, as assignee of the Cumberland Valley Bank, alleging that, in a suit by the bank, against A. C. Carr and others, judgment was rendered for the plaintiff for its debt sued for, and it was adjudged a lien on lots 19 and 20, in block 13, in the Pine Mountain Iron and Coal Co.'s addition to the town of Pineville. Thereafter, in conformity to an order of sale, lot No. 19 was sold to appellee Slusher, at the price of $655, and he executed a sale bond, payable to the plaintiff. The bond not being paid at maturity, an execution was issued and delivered to Colson, sheriff of Bell county, who, by his deputy, Ingram, levied it upon lot No. 19, and, after due advertisement, exposeed it at public sale to the highest bidder, it having been duly appraised at $1,500, and the bank, being the highest bidder, became the purchaser at the amount of its debt, interest and costs. The officer's return endorsed upon the execution is as follows:

[27]

"Officer's return—After duly advertising the property levied on under this execution, to-wit, lot 19, in block 13, Pineville, Ky., did, on the 13th day of November, 1893, offer same for sale for cash in hand, at the courthouse door in Pineville, Ky., and the plaintiff in this action, being the highest bidder, became the purchaser for the debt, interest and cost for the above-mentioned property, November 13, 1893; therefore, this *fieri facias* is returned satisfied.

"J. C. COLSON, S. B. C.

"By W. H. INGRAM, D. S."

Appellee further stated that, since the return of the execution, the bank had made an assignment to appellant for the benefit of all its creditors, and that Lock had caused another execution to be issued on the same bond, and placed it in the hands of the sheriff and directed him to seize and sell of appellee's estate a sufficient amount to satisfy the execution; that the sheriff, unless restrained by injunction, would levy upon and seize appellee Slusher's property and sell the same, and that unless restrained by injunction other executions would in like manner be issued upon the sale bond. Slusher prayed an injunction to restrain any further attempts to collect the sale bond, or any part thereof, and a temporary injunction which, on final hearing, was made perpetual, was granted.

The appellant filed an answer and counterclaim in two paragraphs, to each of which a demurrer was sustained. The first paragraph is a denial that Ingram ever levied the execution on the lot; or that the bank or any one for it bid on the property the amount of its debt, or any amount; or that the sheriff had any right to return the execution satisfied;

or to make the endorsement which he did; or that the return was true; or that the execution was satisfied; or that the sale was good; or that the issue of the execution sought to be enjoined was wrongful, or that the plaintiff would suffer any injury thereby. In the second paragraph Lock states that the attempted sale was void and passed no title because there was no levy of the execution, and that it would not have passed title if any one had bid; that there was no bid, no one present acting for the bank when the property was sold; that he had been informed by the deputy sheriff that he was proposing to sell under said execution two pieces of property which he had advertised for sale, one being lot 19 and the other the house and lot where J. F. Neal then lived, and that he authorized the deputy sheriff to bid the bank's debt interest and cost on the two lots; that if the sheriff cried for the bank any bid on lot 19 separately and by itself, it was done entirely without authority on his part or on the part of the bank; that afterwards, in October, 1894, before a year had expired, and as soon as he or his attorney learned of such return being made on the execution, and while Slusher was in possession of the property, which he still held, the defendant moved in open court that the execution, sale and return be quashed, and the court entered an order in accordance with said motion. The answer concludes with a prayer that the petition be dismissed and the injunction dissolved; and if the court should hold that the return on the execution had not been legally quashed, that the same be now done on the facts presented in the answer, and a new execution awarded on the sale bond.

A demurrer having been sustained to the answer an

amended answered was filed, in which it was averred that
the endorsement of the deputy sheriff on the execution "was
a mistake, or was made by fraud or mistake on the part of
the said W. H. Ingram, and defendant does not know which."
He further denies that Ingram, or any one, ever levied the
execution on the lot, or that he (Lock) was the highest bid-
der, or bid at all at said sale.

The demurrer, in our opinion, was correctly sustained to
the paragraphs of the original answer. The first paragraph
was a mere traverse of the return of the sheriff; the second
paragraph was an affirmative averment of facts tending to
show that the return was untrue, and an averment that the
court, upon his motion made in open court, had quashed the
return and awarded him another execution on the sale bond.

By section 3760 of the Kentucky Statutes it is provided:
"Unless in a direct proceeding against himself or his sure-
ties, no fact officially stated by an officer in respect of a mat-
ter about which he is by law required to make a statement
in writing, either in the form of a certificate, return or other-
wise, shall be called in question, except upon the allegation
of fraud in the party benefited thereby, or mistake on the
part of the officer."

The first question is whether the officer's return before
quoted recites a levy upon the lot. It states that, "after
duly advertising the property levied on under this execution,
to-wit, lot 19, in block 13, Pineville, Ky.," it was offered for
sale. This, we think, is a sufficient statement that the levy
had been made. To constitute a valid levy on land the re-
turn need not be written out and signed when the levy is
made (Demit v. Ringo, 5 Ky. Law Rep., 320); and in this

.case we think it was sufficient to recite the levy upon the land, describing the lot, after the sale was made. It appears by the evidence that the execution defendant consented to the levy upon this lot, and was informed by the officer that it had been made. This, however, is not necessary to the decision of the question under consideration.

This being so, under the statute just referred to the traverse in the first paragraph of the answer of the facts stated in the return and the affirmative statement of facts constituting a denial contained in the second paragraph do not constitute a valid defense, there being no allegation of fraud in the patry benefited thereby, or mistake on the part of the officer.

It is urged that this court, in Commonwealth v. Jackson, 10 Bush, 424, by implication decided that the return of an officer could be impeached by testimony of the clearest and most convincing character. The facts upon which that case was decided occurred prior to the adoption of the General Statutes, in which the provision under consideration appears to have first been enacted. While not necessary to the decision of this case, it may be mentioned that the testimony in this case falls very short of the standard indicated as to the fact of the levy. Nor was a sufficient defense stated in the concluding part of the second paragraph, for it contained no averment that the appellee was before the court or had notice of the motion to quash. In fact the averment by implication admits that there was no notice given to, or waived by, the execution defendant; and the order of quashal without notice is void, and so conceded in appellant's brief.

The amended answer was apparently intended to conform

to the requirements of section 3760, Kentucky Statutes. It pleads in the alternative that the return "was made by fraud or mistake on the part of the said W. H. Ingram, and defendant does not know which." Pleading in the alternative is permissible under subsection 4, section 113 of the Code; but in such case each alternative pleaded should be a complete and sufficient cause of action or ground of defense. This rule was laid down in L. & N. R. R. Co. v. Coppage, 7 Ky. Law Rep., 527, in which the syllabus states: "When a complaint is stated in the alternative form, and a cause of action is presented by one statement, but not by the other, it seems that the petition is not to be regarded as stating any cause of action, as the facts may be as alleged in that part of the petition which contains the insufficient allegation."

Tested by this rule, which we regard as a sound and reasonable one, the allegations of the amended answer are insufficient under section 3760; for while the one alternative mistake on the part of the officer in making the return would authorize the facts stated in the return to be called in question in this suit, fraud on the part of the officer alone, in which the party to be benefited thereby took no part, does not authorize the impeachment of the return. We conclude, therefore, that under section 3760 the answer as amended is insufficient.

But it is earnestly insisted that it is sufficient under section 1710, providing that "sales made under execution by fraud, covin or collusion may be set aside on the motion of any person aggrieved, or by petition in equity." After a careful consideration of this section we have reached the conclusion

that it does not apply to the averments in this answer at all. There is no averment in the answer that any sale was made under execution by fraud, covin or collusion. On the contrary, the claim is, and the evidence introduced on behalf of appellant is to that point, that there was no sale, but that the return of the officer that a sale had been made was false. The averments were not made under this statute, nor do they furnish ground for relief thereunder. It appears from the evidence that the house on the lot in question was burned some eight months after the day of sale, which may account for the fact that it is the execution plaintiff and not the execution defendant who is objecting to the sale.

We do not mean to decide that a person falsely reported as purchaser at an execution sale is without relief. Upon proper averments such a return might be quashed; and, in any event, there is a remedy upon the bond of the officer for a false return.

For the reasons given the judgment is affirmed.