## Beasly, et al. v. Furr.

### (Decided June 6, 1913.)

### Appeal from Garrard Circuit Court.

1. Judgment—Vacation of—New Trial.—A judgment will not be va-
cated or a new trial granted after the term at which it was ren-
dered, except upon the grounds, or some of them, provided by
section 518, Civil Code, and where a petition for the vacation of
such judgment and new trial and the record of the action in
which the judgment was rendered made a part of the petition,
show that the petitioner was duly summoned in the first action
and had ample opportunity to make defense, the judgment will
not be set aside or a new trial granted upon the mere allegation
that the debts sued on had been paid before the judgment was
rendered; there being no fraud alleged in the procurement of
the judgment.

2. Judgment—Petition for Vacation of—Conclusion of Pleader.—
The allegation that the petitioner did not discover that the judg-

ment had been rendered until after the term at which it was entered, and that he could not by reasonable diligence have sooner discovered the fact, is a mere conclusion of the pleader, and is disproved by the admissions of the petition and the record in the former action; therefore, a demurrer to the petition was properly sustained.

R. H. TOMLINSON for appellants.

H. CLAY KAUFFMAN, H. L. WALKER for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

In the summer or fall of 1912, appellee sued appellant in the Garrard Circuit Court upon two notes, one of $219 and the other $133.35. The larger note was secured by a mortgage on three small parcels of land situated in Garrard County, and the small note by a second mortgage on two of the three parcels of land covered by the first mortgage. In addition to asking a personal judgment on each of the notes, appellee also sought in the action, the enforcement of the mortgage liens in satisfaction thereof. A summons was duly issued and served upon appellant, and at the succeeding term of the court appellee obtained a personal judgment against him for the amount of each note with interest, and also for the enforcement of the mortgage liens in payment thereof. After the judgment was rendered, appellee by an entry on the record of his judgment, acknowledged payment of the larger note and satisfaction of the judgment to that extent. Thereafter, the master commissioner of the Garrard Circuit Court sold in satisfaction of the remainder of the judgment or small note, the two parcels of land embraced in the second mortgage, and appellee became the purchaser thereof at, substantially, their appraised value. The sale was reported to the court and confirmed, after certain exceptions filed thereto by appellant had been overruled. By order of the court, the commissioner made appellee a deed conveying him the lots and he thereafter obtained possession of them under a writ of *habere facias possessionem.*

After these proceedings were had, appellant instituted the present action by filing in the Garrard Circuit Court his petition asking the vacation of the judgment recovered against him by appellee and that he be granted a new trial in the action in which it was recovered. The circuit court being of opinion that the petition did not present sufficient cause for vacating the judgment, or for

the granting of a new trial, upon any of the grounds authorized by section 518, Civil Code, sustained a demurrer thereto and dismissed the action, and from the judgment manifesting these rulings, this appeal is prosecuted.

The only grounds set forth in the petition for the relief sought are, that the debts sued on in the action brought by appellee had been fully paid before the action was instituted, that he was not aware of the failure of appellee to give him credit for the payments he had made thereon, until after the rendition of the judgment, and could not by reasonable diligence have discovered such failure before the judgment was rendered. These averments are contradicted by the appellant's own conduct and disproved by the record in the action in which the judgment was recovered, which was filed with appellant's petition. It is inconceivable that, after being duly summoned in the action upon the notes and to enforce the mortgage liens, appellant would have allowed judgment against him by default, if the notes had been paid before the action was brought. It is not alleged in his petition that the judgment was obtained by fraud or that he was prevented from making a defense in the action by any thing done by appellee, and the allegation that he could not by reasonable diligence have discovered appellee's alleged failure to credit him with payments that discharged the debts, is a mere conclusion. Receiving as he did notice of the suit, through the service of a summons, he had ample time to discover that he had not been given the alleged credits, and ample time to have made defense to the action, but instead of doing so he suffered judgment to go against him. There was no showing of his having been prevented by accident or unavoidable casualty, from making a defense, and, moreover, the record of the former action, made a part of his petition, shows that he satisfied the larger note after the judgment was rendered, by conveying appellee one of the tracts of land covered by the first mortgage. These facts alone show that the debt had not been paid before the action was brought. In brief, the petition not only fails to show reasonable diligence on the part of appellant to inform himself of the object of the former action, or to discover that he had not been credited with what he had paid on the notes, but it also fails to show that he had, or can yet make, a good defense to the action. This being true he failed to show cause for vacating the judgment or for a new trial,

as authorized by section 518, Civil Code. It therefore follows that the circuit court did not err in sustaining the demurrer to the petition.

Judgment affirmed.