## Reese Lumber Company v. Licking Coal & Lumber Company, et al.

(Decided January 9, 1914).

## Appeal from Bath Circuit Court.

1. **Judgment—Action to Vacate, and for a New Trial, Section 518 Civil Code—Foreign Corporations—Service of Summons on Agent of.**—In an action brought under section 518, Civil Code, by a foreign corporation doing business in this State, to vacate a judgment obtained against it by a resident of this State, and to obtain a new trial, service of summons in the action in which the judgment was rendered having been duly made by the sheriff upon the person designated by the foreign corporation, in a written statement filed in the office of the Secretary of State, as its agent to be served with such process, such service gave the circuit court jurisdiction to render the judgment complained of, although the agent of the defendant upon whom the summons was served neglected to notify it of the service thereof or of the institution of the action.

2. **Corporations—Provisions of Section 571, Kentucky Statutes, Mandatory—Effect of Noncompliance With.**—The provisions of section 571, Kentucky Statutes, declaring that "All corporations, except foreign insurance companies, formed under the laws of

this or any other State, and carrying on any business in this State, shall at all times have one or more places of business in this State, and an authorized agent or agents thereat upon whom process can be served; and it shall not be lawful for any corporation to carry on any business in this State, until it shall have filed in the office of the Secretary of State a statement, signed by its President or Secretary, giving the location of its office or offices in this State, and the name or names of its agent or agents thereat upon whom process can be served; and when any change is made in the location of its office or offices or in its agent or agents, it shall at once file with the Secretary of State a statement of such change; and the former agent shall remain agent for the purpose of service until the statement of appointment of the new agent is filed;" * * * are mandatory. So, if any corporation, after filing such statement designating its place of business in this State and the name of the agent thereat upon whom process can be served, should change its place of business or its agent and fail, by the filing with the Secretary of State of the necessary statement, to designate its new place of business and new agent upon whom process can be served in any action brought against it, service of summons upon the agent designated in the unchanged statement on file with the Secretary of State will be good, and have the legal effect to give the court from which such summons issued jurisdiction to render a judgment against the defendant corporation.

3.  Corporations—Effect of negligence of Corporation's Agent in Failing to Notify it of Service of Summons Upon Him—Estoppel —Unavoidable Casualty or Misfortune.—The negligence of the designated agent of a corporation, properly served with summons, in failing to notify the corporation of the service thereof, will not entitle the latter to the vacation of a default judgment rendered against it on such service, or to a new trial, on the ground of "unavoidable casualty or misfortune" as provided by subsection 7, section 518, Civil Code; as in such case the negligence of the agent is imputed to the corporation and estops it to complain of the negligence of the agent.

B. S. WILSON, W. A. YOUNG and C. W. GOODPASTER for appellant.

J. J. NESBITT for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

March 29, 1910, the appellee, Licking Coal & Lumber Company, instituted an action in the Bath Circuit Court to recover of the appellant, S. B. Reese Lumber Co., $783.36 alleged to be due it for timber sold and delivered the latter in the year 1907. On the 6th day of October, 1910, judgment was rendered in the court mentioned in

favor of appellee and against appellant for the amount sued for, with interest thereon at the rate of six per cent per annum from the 17th day of September, 1907, until paid, and costs of the action. Thereafter execution was duly issued on the judgment directed to the sheriff of Morgan county and same was by him levied on a 716 acre tract of land situated in Morgan county owned by appellant. Following the advertisement of the sale of the land by the sheriff under the execution, and before such sale could be had, appellant brought this action in the Bath Circuit Court against appellee and the sheriff seeking the vacation of the judgment in question and a new trial upon the grounds specified in subsections 4 and 7, section 518, Civil Code; and also to enjoin the sheriff from proceeding with the sale of the land under the execution.

In other words, the grounds relied on by appellant for vacating the judgment and obtaining a new trial were: First, that fraud was practiced by appellee in obtaining judgment; second, that appellant was by unavoidable casualty and misfortune prevented from appearing and making defense to the action. A general demurrer was filed by appellee to the petition which the circuit court overruled. Thereupon it filed answer traversing the averments of the petition; and after the taking of proof by the parties and submission of the case, judgment was rendered by the circuit court dismissing the action, and from that judgment this appeal is prosecuted.

The fraud alleged in the petition is that the timber, for the price of which appellee obtained judgment, had not been sold by it to appellant but to S. B. Reese, its vice president and manager as the agent of one George Francis, who, it is claimed, was the actual purchaser of the timber and the only person indebted to appellee therefor. This was denied by the answer and as to this issue of fact there was a contrariety of evidence, the weight of which, in our opinion, conduced to show appellant to have been the purchaser of the timber. In our view of the case, however, it will be unnecessary to pass upon this issue as appellant has failed to establish its second and essential ground relied on for a new trial, namely: unavoidable casualty or misfortune which prevented it from appearing or making defense to the action. The unavoidable casualty or misfortune alleged arises out of the claim upon the part of the appellant that it was never served with summons in the action in which the judgment was obtained by appellee, and therefore it had

no knowledge of the institution or pendency of the action until after judgment went against it. This contention is unsupported by the record. Summons was issued in the action instituted by appellee at the time of the filing of the petition, March 29, 1910, and was served by the sheriff on May 9, 1910, by delivering a true copy thereof to William Cook, the agent of appellant. Such service, however, though properly had, was inadequately shown by the return made on the summons by the sheriff at the time of its service, the return being as follows:

"Executed on S. B. Reese Lumber Co., by delivering a true copy of the within summons to William Cook of Salt Lick, Kentucky, on May 9, 1910—this 9th day of May, 1910.

"Seth Botts, S. B. C., by Cole Barnes, D. S."

Being later advised of the insufficiency of this return, the sheriff on October 5, 1910, the day before the judgment in appellee's favor was rendered, by leave of the court, amended the return upon the summons as follows:

"By leave of court I now amend my return on this summons. I executed this summons on the 9th day of May, 1910, upon the within named S. B. Reese Lumber Co., by delivering a true copy of this summons to William Cook, of Salt Lick, Kentucky. Said William Cook being the person designated by defendant upon whom process may be served for said S. B. Reese Lumber Co., as appears from the records on file in the office of Secretary of State of Kentucky. This 5th day of October, 1910.

"Seth Botts, S. B. C., by Cole Barnes, D. S."

The return of the sheriff by his deputy, as amended, positively shows due service of the summons upon Cook as appellant's agent and it is not alleged in the petition in this case either that appellee, the sheriff, or his deputy, was guilty of fraud in the matter of serving the summons upon Cook, nor is it alleged that there was any mistake made by the officer in the manner of its service or in amending the return thereon. It is true Cook evasively testified that he did not understand from what passed between himself and the deputy sheriff that the summons had been served on him; but the testimony of Cook, even had it been more definite, was incompetent to impeach the officer's return upon the summons. Section 3760, Kentucky Statutes, provides:

"Unless in a direct proceeding against himself or his sureties, no fact officially stated by an officer in respect of a matter about which he is by law required to make a

statement, in writing, either in the form of a certificate, return or otherwise, shall be called in question, except upon the allegation of fraud in the party benefitted thereby, or mistake on the part of the officer.''

If the testimony of Cook could be regarded as admissible for any purpose it is contradicted, not only by the corrected return on the summons, but also by Barnes, the deputy sheriff, and J. J. Nesbett, appellee's attorney, who was with that officer when the summons was served. But the return on the summons, being placed by the statute beyond the reach of such collateral attack, must be accepted as conclusive evidence of the proper service of the summons.  Thomas v. Ireland, 88 Ky., 581; Bramlett v. McVey, 91 Ky., 151; Pribble v. Hall, 13 Bush 61; Cumberland Bank v. Slusher, 102 Ky., 415.

It is, however, further contended by appellant, and was testified by Cook, that the latter was not its agent or in its employ at the time of the service of the summons upon him, and that he never notified appellant of its service or of the pendency of the action. This contention is also without merit. It appears from the uncontradicted testimony of C. H. Vansant, Assistant Secretary of State, found in the record, that there is on file in the office of the Secretary of State at the capitol, a written statement received from appellant, which reads as follows:

"Washington, Pa., Feb. 12, 1904.
"To the Secretary of State,
          "Frankfort, Ky.,
     "Sir:—I hereby give notice that the place of business for the S. B. Reese Lumber Co., in Kentucky, is at Farmers, Kentucky, on the west side of Licking river in Bath county—and that William Cook, of Salt Lick, Kentucky, is our agent thereat, upon whom process may be served in any suit that may be brought against our company within the State of Kentucky. Done at Washington, Pa., this 12th day of February, 1904.
          "James S. Forsythe, Secretary.''

As appellant, though doing business in Kentucky, is a foreign corporation, incorporated under the laws of Pennsylvania and having its chief office at Washington in that State, the above statement was duly filed in the office of the Secretary of State of Kentucky as required by section 571, Kentucky Statutes, which provides: "All corporations except foreign insurance companies formed under the laws of this or any other State, and

carrying on any business in this state, shall at all times have one or more known places of business in this state, and an authorized agent or agents thereat, upon whom process can be served; and it shall not be lawful for any corporation to carry on any business in this state, until it shall have filed in the office of the Secretary of State a statement, signed by its president or secretary, giving the location of its office or offices in this state, and the name or names of its agent or agents thereat upon whom process can be served; and when any change is made in the location of its office or offices, or in its agent or agents, it shall at once file with the Secretary of State a statement of such change; and the former agent shall remain agent for the purpose of service until statement of appointment of the new agent is filed; and if any corporation fails to comply with the requirements of this section, such corporation, and any agent or employe of such corporation, who shall transact, carry on or conduct any business in this state, for it, shall be severally guilty of a misdemeanor, and fined not less than one hundred nor more than one thousand dollars for each offense.''

It further appears from the testimony of Vansant that since filing the above statement appellant has not sent to the Secretary of State or filed in his office any other statement from its president or secretary giving any change in the location of its office in this state, or in the name of its agent thereat upon whom process can be served; therefore William Cook, upon whom the service of summons was had in the action in which appellee obtained judgment against appellant, remains and is still the latter's agent upon whom process must be served.

The language of the statute *supra,* leaves no doubt of its meaning; and, as held in Oliver Company v. Louisville Realty Co., 156 Ky., 628, its provisions are so mandatory that a foreign corporation cannot by suit enforce a contract entered into in the execution of its business in this state without a compliance with its provisions requiring the filing in the office of the Secretary of State of the written statement designating its place of business therein and its authorized agent thereat upon whom process may be served. It is manifest, therefore, that William Cook, upon whom service of the summons in the action in which appellee obtained judgment was had, was, at the time of such service, appellant's agent and the proper person upon whom to serve it. It is not material that he was not at the time of the service of the sum-

mons in appellant's employ, if such was the case. By the statement from it on file in the office of the Secretary of State, Cook was then and down to the time of the taking of the deposition of Vansant, Assistant Secretary of State, in this case, held out to the public as its agent upon whom it was necessary to serve a summons or other process required in any action brought against it, in view of which appellant is estopped to claim that Cook was not its agent and the proper person upon whom to serve the summons in question. Nor is it material that Cook failed to notify appellant of the service of the summons upon him. Appellee's attorney, J. J. Nesbett, testified that he advised Cook at the time of the service of the summons upon him that it was his duty to notify appellant, his principal, of the service thereof; and that Cook replied that he was aware of that fact and would notify appellant. Though Cook's denial that such advice was given him by Nesbitt or that he made the reply attributed to him by the latter; and that of appellant's vice president and manager, S. B. Reese, that notice of the service of the summons was ever given appellant by Cook, be accepted as the truth of the matter, it would merely show that Cook was negligent in failing to inform appellant of the service of the summons upon him, and this being so, appellant cannot rely upon the negligence of its agent as a ground for vacating the judgment rendered against it after being properly summoned in the action. In such a state of case the negligence of the agent is imputed to the principal and is, therefore, the negligence of the latter. In other words, the absence of actual knowledge by appellant of the service of the summons upon its agent or of the pendency of the action, though it may have prevented it from making defense to the action, was not such an unavoidable casualty or misfortune in the meaning of subsection 7, section 518, Civil Code, as entitles it to a vacation of the judgment or a new trial. Beasly, et al. v. Furr, 154 Ky., 286.

No court has ever granted the unsucessful litigant a new trial upon the ground that the negligence of himself or his agent prevented him from making his defense to the action. In this case both appellant and its agent, Cook, according to their own showing, were guilty of negligence; the former in failing to advise the public through the filing of the necessary written statement with the Secretary of State that Cook was not its agent or the proper person upon whom to serve process, and the lat-

ter in failing to notify appellant of the service upon him of the summons in the action in which the judgment complained of was rendered.  The negligence of either presented a sufficient reason for the refusal by the Circuit Court of the new trial asked by appellant.

Wherefore the judgment is affirmed.