## White v. Jayne.

April 28, 1950.

Rehearing denied June 20, 1950.

Watt M. Prichard, Judge.

J. W. McKenzie for appellant.

Stewart & Woods for appellee.

JUDGE LATIMER—Reversing.

On December 1, 1947, an accident occurred, at the intersection of 12th Street and Winchester Avenue in Ashland, involving a truck owned jointly by appellant and his brother, and a car owned and operated by appellee, John Jayne. Appellant was an occupant of the truck which was being driven by his brother. At the scene of the accident each party gave to the other his respective name and address. Appellant gave as his address 4246 Waverly Road, Huntington, West Virginia.

We are not concerned here with the circumstances of the accident nor the negligence of any one connected therewith.

Appellee instituted action against appellant seeking recovery for damages to his car. He undertook to get service upon appellant through the Secretary of State, as provided by Chapter 188 KRS. In pursuance thereof, proper procedure was taken by appellee and the Secretary of State undertook, by a registered letter addressed to D. K. White, 4246 Waverly Road, Huntington, West Virginia, to procure service on appellant. On the front of the envelope, containing the summons and copy of the petition, was stamped in four conspicuous places the words "Deliver to Addressee Only." The proof shows that the postman undertook to deliver the registered letter to D. K. White, at 4246 Waverly Road, which was, in fact, the home of appellant's father. The proof shows that appellant actually resided at 5010 Bogey Road but had his mail delivered to the Waverly Road address. Not finding appellant at the address given, the postman returned the registered letter to the Secretary of State with the endorsement on it "Unclaimed." In turn the Secretary of State mailed these to the Clerk of the Boyd Circuit Court.

Default judgment in the full amount sued for was taken against appellant on the 16th day of February, 1948. Soon thereafter a letter, written by the law firm of Stewart and Woods, attorneys for appellee, was ad-

dressed to appellant informing him of the judgment and requesting payment of same. The letter also stated that they were sending a copy to the insurance carrier. Appellant says he never received the letter and that the first knowledge he had that the judgment had been rendered against him was when an adjuster for the insurance carrier informed him that they had received such a letter.

Thereafter, appellant filed this action pursuant to 518 of the Civil Code of Practice. He asked the court to set aside the judgment and grant him a new trial, alleging as reason therefor that in the original action filed by appellee, appellant's correct address was not given, and further because of unavoidable casualty and misfortune.

The cause was submitted to the court, and after considering the matter from the pleadings, proof and exhibits, the petition of plaintiff as amended was dismissed. From that judgment this appeal is prosecuted.

We may say briefly that we are not impressed with appellant's argument that the wrong address was given in the petition. The proof shows that appellant was an occupant of his truck, and that immediately after the accident he gave to appellee the Waverly Road address. This is the address where appellant receives his mail.

The complaint that he was prevented from being present and heard at the trial because of casualty or misfortune has merit. It is insisted that the Secretary of State went beyond the provisions of the Statute, KRS 188, in stamping on the envelope, addressed to appellant, the words "Deliver to Addressee Only." The statute says: "The Secretary of State shall then write a letter to the defendant, at the address given in the petition, notifying him of the nature and pendency of the action, and enclosing in the letter the summons and the copy of the petition. The letter shall be posted by prepaid registered mail and shall bear the return address of the Secretary." KRS 188.030.

The record shows that the postman undertook to deliver this letter at the address in the petition as given by appellant. Appellant's father offered to sign the receipt and accept the letter for his son. The postman told the father that he could not deliver it since it was

directed to be delivered to addressee only. The letter was returned to the Secretary of State. It appears that throughout this period of time appellant was working at Sheridan, Ohio, and left home each morning at about six o'clock and returned about five in the afternoon. The information concerning the attempted delivery of the registered letter was imparted by the father to appellant some 3 or 4 days afterwards, but appellant says that he pursued the matter no further in the belief that the letter, after that time, would have been returned.

We are not here undertaking to write relative to customs and regulations of the Postoffice, but we do understand from common practices that registered mail is commonly or frequently delivered at addresses given and the receipt therefor signed either by some member of the family, secretary, if it be a place of business, or by other agents of the addressee. Had this been done in the instant case, appellant certainly could not have been heard to complain. The fact that this envelope had stamped on it directions to be delivered to addressee only apparently was the cause of failure to receive notice. We are not here criticising the Secretary of State in stamping this direction on the envelope. It was well intentioned and done for the plausible purpose of making certain the addressee received the notice. However, we are obliged to be governed by the wording of the statute. This stamped direction goes beyond the provisions of the statute and is unauthorized. We are, therefore, constrained to hold that appellant must prevail in his contention that he was prevented from his day in court by this casualty or misfortune. The court should have vacated the judgment and granted a new trial.

Wherefore, the judgment is reversed for proceedings consistent herewith.