### 26031. UNITED BONDING INSURANCE COMPANY v. BRAY LUMBER COMPANY.

ALMAND, Chief Justice. Appellant brought an equitable complaint to set aside a default judgment in a suit brought by the appellee. It also sought to enjoin appellee from continuing its application to the court to appoint the Insurance Commissioner of the State of Georgia as a receiver for appellant. This appeal is from an order denying the prayers of this equitable complaint.

In its complaint the United Bonding Insurance Company alleged: (1) that it is a foreign corporation with its principal place of business in Indianapolis, Indiana; (2) that in September, 1969, the defendant, Bray Lumber Company, filed its suit against Magna Building Corp. as principal, and United Bonding Insurance Company as surety, upon a performance and payment bond. The return of service shows that service was made upon a named individual, the designated agent of the bonding company; (3) that if, in fact, service was made and a copy of the suit was placed in the United States mail by its agent, the same was never received; (4) that its failure to receive a copy of the suit was an accident or mistake for which it was not responsible; (5) that it had a good and valid defense; and (6) that a money judgment by default was entered against it on February 16, 1970.

The prayers were: (a) to set aside the default judgment, and (b) for injunctive relief.

The cause came on for a final hearing before the judge without a jury, and the appellant introduced into evidence two affidavits. One was by its agent in Georgia for service who stated that it was his custom as such agent to forward suit papers to the home office in Indianapolis by U. S. mail, but that he had no recollection of the summons and complaint in the Bray Lumber Company suit. The other affidavit was by a vice president of appellant who stated that the Bray suit was not received at the home office and that appellant had a defense to the suit.

The court concluded as a matter of fact and law that service of the complaint was properly made upon the appellant's designated agent and it had not shown an adequate defense; and that no cause for setting aside the judgment had been shown.

Service of process was made upon the appellant's designated agent as provided by *Code Ann.* § 56-1203 (Ga. L. 1960, pp. 289, 501). "In respect to a statute which permits service of process upon a designated agent of a nonresident or foreign corporation by delivery alone to that agent, without conditioning service upon actual notification of the defendant, even though it contains language which assumes that the agent, in the complete performance of his duties, will make such notification, the statute cannot be construed to afford relief against a default judgment based upon delivery of process to the agent upon the sole ground that the defendant was not actually notified, but relief, if obtainable, must be predicated upon a special showing." 46 AmJur2d 878, 879, § 723. The failure of the agent upon whom service was perfected to inform the nonresident corporation of the service, thus preventing it from making a defense to the action is not an unavoidable casualty, accident or misfortune so as to authorize the vacation of a default judgment. S. B. Reese Lumber Co. v. Licking Coal &c. Co., 156 Ky. 723 (3) (161 SW 1124).

The trial court properly refused to set aside the default judgment.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 15, 1970—DECIDED OCTOBER 8, 1970.

*Bennett, Pedrick & Bennett, Wilson G. Pedrick,* for appellant. *James G. Mahorner, Hugh L. Smith,* for appellee.