Sam COX, t/d/b/a Northside Electric Company, Appellant,

v.

RUEFF LIGHTING COMPANY, Appellee.

Court of Appeals of Kentucky.

Opinion Rendered Oct. 26, 1979.

As Modified Nov. 2, 1979.

H. Wesley Shanks, Louisville, for appellant.

Robert G. Stallings, Thomas G. Karageorge, Stallings & Stallings, Louisville, for appellee.

Before COOPER, LESTER and VANCE, JJ.

COOPER, JUDGE.

This is an appeal from a final order refusing to set aside a default judgment. *See* CR 55.02, 60.02.

Appellant, Sam Cox, makes two contentions in support of his argument that the trial court abused its discretion in refusing to set aside the default judgment in favor of appellee, Rueff Lighting Company. First, he argues that he was never properly served with process and second, he argues that he was not personally liable for the debts of Northside Electric Company, a corporation.

Concerning the second argument, the court found that appellant transacted business with appellee on an individual as opposed to a corporate basis. Since the proceedings before the lower court were not transcribed, we must assume the evidence supports such a finding. *Porter v. Harper*, Ky., 477 S.W.2d 778 (1972). The circuit court opinion discussed in some detail the corporate versus individual liability question. The circuit judge simply found against appellant on that point. We are given nothing sufficient to form a basis for holding that finding to be clearly erroneous; it must therefore be upheld. CR 52.01.

Directing our attention to the long-arm question, we find that appellant was served in accordance with KRS 454.210 because Northside Electric was located in Indiana. As required by the statute, a registered letter containing a summons and complaint was sent to appellant. It was addressed to Sam Cox t/d/b/a Northside Electric Company. The letter was received and opened by Lee J. Fenton, a business associate of the appellant, and, coincidentally, process agent for Northside Electric, *Inc.* Fenton testified that he thought the letter and its contents were junk mail so he threw them away. Appellant testified that Fenton was authorized to open his mail and that Fenton told him of receiving the letter and throwing it away.

■ The authorities generally hold that actual notice is not required to effectuate good service under a long-arm statute insofar as due process considerations are concerned. *See* 6 West's *Federal Practice Manual* § 7369, p. 179 (Supp.1978) and citations therein. *Also see Milosavljevic v. Brooks*, 55 F.R.D. 543 (N.D.Ind.1972). Service of process by registered mail is sufficient to satisfy requirements of due process if it is accomplished in compliance with pertinent statutes. *See Yox v. Durgan*, 298 F.Supp. 1365 (E.D.Tenn.1969), and citations therein. There is no contention that the statutory procedure was not followed in this case. In *White v. Jayne*, 313 Ky. 160, 230 S.W.2d 429 (1950), a case involving service under the nonresident motorist statute, the court, although holding that the service of process was not properly achieved in that case, stated clearly in dictum that if the registered letter had in fact been delivered as addressed (it was not) even though the receipt may have been signed by another person residing at that address, the appellant there could not have been heard to complain of improper service. Although not a decisive ruling on point the opinion in *White, supra,* supports the view that actual notice is not required to effect personal jurisdiction under the Kentucky long-arm statute.

■ Accepting that in personam jurisdiction can be acquired without actual notice to a defendant does not a fortiori create a rule that a showing of no actual notice may not constitute good cause sufficient to warrant the setting aside of a default judgment. The facts and circumstances of each individual case should be weighed. We think that in a case such as the instant one which is a simple one-on-one action for debt, a trial judge would be hard pressed to refuse to set aside a default judgment if he were truly convinced that the movant had no actual notice in fact and was possessed of an arguably meritorious defense.

■ Although the proof fails to establish that appellant actually received a copy of the summons and complaint, it does show that he had notice of the registered letter. The fact that Fenton was a corporate process agent is of no legal significance; it does not make the service operative against appellant personally. It does, however, create a credibility issue in a CR 60.02 proceeding when a corporate process agent admits receiving a registered letter from the Secretary of State containing documents revealing the institution of a lawsuit and later testifies that he told the personal defendant whom he knew and to whom the letter was addressed that he opened the letter and discarded it as junk mail.

We believe there was sufficient evidence to establish to a reasonable probability that appellant did have notice or, at the very least, was furnished sufficient information to place him on a kind of inquiry notice to find out about the letter and its contents. Having failed to take available steps which could have protected his interests, appellant cannot be heard now to complain that the trial court abused its discretion in refusing to grant him postjudgment relief. While the circuit judge could have perhaps been more lenient based on the evidence placed before him and the findings he made, we cannot say his ruling against appellant constituted an abuse of discretion.

The order appealed from is affirmed.

All concur.