RENDERED:  SEPTEMBER 17, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1161-MR

VILLAGE SQUARE SHOPPING
CENTER, LLLP, AND NATIONAL
REDEVELOPMENT, INC.                                    APPELLANTS


APPEAL FROM BELL CIRCUIT COURT
v.          HONORABLE ROBERT V. COSTANZO, JUDGE
ACTION NO. 17-CI-00036


JIM HYDE AND SUBWAY OF
MIDDLESBORO, INC.[1]                                    APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, DIXON, AND L. THOMPSON, JUDGES.

DIXON, JUDGE:  Village Square Shopping Center, LLLP, ("Village Square") and

National Redevelopment, Inc., ("National Redevelopment") appeal from the

---

[1]  Hyde moved to dismiss Subway of Middlesboro, "LLC,"–this is most likely a typographical error as that party was consistently referred to as Subway of Middlesboro, "Inc.," below–as a party to this appeal.  We address his motion in a separate order filed contemporaneously with this Opinion.

judgment on default entered by the Bell Circuit Court on August 19, 2020, as well as from "all prior interlocutory" and "subsequent orders merged into that final [o]rder." After careful review of the briefs, record, and the law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

On the evening of February 18, 2016, Jim Hyde visited a Subway restaurant in Middlesboro, Kentucky. Hyde parked his car, successfully navigated his way into the restaurant, obtained a sandwich, and was on his way back to his car when he tripped and fell, injuring himself.

On January 27, 2017, Hyde sued Subway of Middlesboro, Inc., ("Subway"); Village Square, a Kentucky partnership and owner of the shopping center in which this Subway was located; and National Redevelopment, an Ohio management company that operates Village Square (collectively referred to as "Defendants"). Hyde alleged Defendants had control of "an unreasonably dangerous condition" of which they "failed to adequately warn, monitor or make safe[,]" which caused his fall and subsequent injuries. Hyde initially requested service of process issued to the agents at the addresses listed with the Kentucky Secretary of State to be served via certified mail. Hyde asserts Subway was served on February 2, 2017. However, the summonses for Village Square and National Redevelopment were returned to the clerk on February 16, 2017, for insufficient addresses. Nearly two years later, in August 2018, Hyde sent a certified letter to

National Redevelopment. A few months later, on or about December 28, 2018, Hyde had the clerk re-issue summons to National Redevelopment for service by certified mail through the Kentucky Secretary of State. On February 8, 2019, the Secretary of State filed its return on the summons, showing it was returned undelivered.

On January 7, 2019, shortly before the Secretary of State filed its return on National Redevelopment's summons, Hyde moved the trial court for entry of default against Subway, which had–and still has–completely failed to participate in this litigation. Accordingly, the trial court entered default against Subway on January 14, 2019. A few months later, on May 23, 2019, Hyde moved the trial court to assign a hearing date to determine the amount of damages. Hyde simultaneously moved the trial court for entry of a default judgment against Village Square, arguing the failure of Village Square to provide a sufficient address for service of process is tantamount to "service having been effectuated by estoppel." On July 9, 2019, the trial court granted default against Village Square and set a date for the damages hearing, which was held the following day.

Nearly a month after the damages hearing, on August 8, 2019, Hyde moved the trial court for entry of default against National Redevelopment. Hyde asserted that his service attempts complied with Kentucky's long-arm statute,

-3-

KRS[2] 454.210(3). On August 12, 2019, the trial court granted default against National Redevelopment. Copies of the order were sent to the parties via regular mail and were received by Village Square and National Redevelopment at the same addresses where service had previously been attempted.

Consequently, on August 21, 2019, Village Square and National Redevelopment jointly moved the trial court to set aside the default judgments against them. Hyde responded to this motion asserting that Village Square and National Redevelopment had failed to demonstrate they had satisfied the requirements to set aside the default judgments. Village Square and National Redevelopment replied that neither of them had actually been served. Later, they filed a supplemental reply claiming they had no intent to misrepresent or conceal facts; thus, estoppel was inapplicable.

On November 20, 2019, the trial court entered an order partially granting and partially denying the motion to set aside default judgment. It reaffirmed default was properly entered against Village Square and National Redevelopment and that they had not met the requirements to set those defaults aside, but reopened the damages hearing "for the reception of any such additional evidence as the [d]efendants would submit on the matter of proper damages."

---

[2] Kentucky Revised Statutes.

Village Square and National Redevelopment moved the trial court for leave to conduct limited discovery concerning Hyde's damages, to which Hyde responded. The trial court allowed Village Square and National Redevelopment to obtain certain medical and employment documents, and to depose Hyde, but their requests to propound written discovery and depose Hyde's employer were denied.

A supplemental damages hearing was held on July 28, 2020, during which records, testimony, and arguments were presented. On August 19, 2020, the trial court entered its findings of fact, conclusions of law, and judgment on default, finding Defendants jointly and severally liable to Hyde and awarding him $379,378.23 in damages. This appeal followed.

## STANDARD OF REVIEW

Kentucky Rules of Civil Procedure (CR) 55.02 states that "[f]or good cause shown the court may set aside a judgment by default in accordance with Rule 60.02." Whether a CR 60.02 motion should be granted is left to the sound discretion of the trial court. Because the law favors finality, relief should only be granted "with extreme caution and only under the most unusual and compelling circumstances." *Age v. Age*, 340 S.W.3d 88, 94 (Ky. App. 2011). We, therefore, review for whether the trial court abused its discretion. *Id.* "The test for abuse of discretion is whether the trial [court's] decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d

941, 945 (Ky. 1999) (citations omitted).  Further, "[i]t is axiomatic that default judgments are not favored in the law.  They are to be scrutinized carefully pursuant to three criteria:  1) valid excuse for default, 2) meritorious defense, **and** 3) the absence of prejudice to the other party."  *Smith v. Flynn*, 390 S.W.3d 157, 159 (Ky. App. 2012) (emphasis added) (citations omitted).  All three criteria must be met to justify setting aside a default judgment.

## ANALYSIS

On appeal, Village Square and National Redevelopment ("Appellants") argue the trial court abused its discretion by not setting aside the default judgments.  They raise several issues to support their position.  We will address each, in turn.

### Service as to Village Square

Appellants first argue Village Square was not properly served; however, tellingly, they do not point to anything Hyde could have done differently to achieve such service.  Nevertheless, in accordance with CR 4.04(4), Hyde attempted to serve the partnership of Village Square by having the clerk issue a summons and serve it with a copy of the complaint via certified mail to "an agent authorized by appointment or by law to receive service on its behalf."  Hyde used the name and address Village Square provided to the Secretary of State as its registered agent for service of process.  Although there was arguably more Hyde

-6-

could have done to ensure that Village Square received notice of his complaint, nothing more was required.

Below, the trial court compared this case to *S.B. Reese Lumber Co. v. Licking Coal & Lumber Co.*, 156 Ky. 723, 161 S.W. 1124 (1914). In *Reese*, the court found service had been effectuated where a plaintiff served the agent listed by the company with the Secretary of State even though the agent was no longer employed with the company. Appellants argue the case herein is distinguishable because the information they provided to the Secretary of State is correct, as evidenced by their receipt of the order of default entered August 12, 2019. While the underlying facts between this case and *Reese* differ somewhat, those differences amount to a distinction without a difference. We, like the trial court, find this argument unpersuasive when the postal service–though by no means infallible–attempted to serve at least four pieces of certified mail over a period of approximately two years to similar addresses and found the addresses insufficient.[3]

It is the duty of partnerships doing business in Kentucky to ensure they have accurately and effectively listed the name and address of their registered agent. Under KRS 362.2-114(1)(b), every "limited partnership **shall** designate and

---

[3] At this point it is worth noting that in Kentucky "[t]here is always a presumption that a communication that was properly stamped, addressed and deposited in the mail was received by the addressee. Once the fact of address, stamp and deposit is proven, the burden shifts to the addressee to prove that he has never received the letter." *Haven Point Enters., Inc. v. United Kentucky Bank, Inc.*, 690 S.W.2d 393, 395 (Ky. 1985) (citation omitted).

continuously maintain in this Commonwealth: . . . [a] registered office and agent for service of process at that office that comply with KRS 14A.4-010." (Emphasis added.) This is not optional. Its purpose is to facilitate communication. Listing an address that is insufficient to allow communication, such as service of legal process, does not satisfy this requirement and essentially constitutes fraud by omission. Even so, Village Square contends it had no actual or constructive knowledge[4] of these facts. Had Village Square complied with the applicable provisions of KRS 14A.4-010, it undoubtedly would have eventually identified the insufficiency with its listed address. Thus, it may be charged with constructive knowledge under the facts of this case.

Appellants further argue the trial court incorrectly applied the doctrine of equitable estoppel to find service had been effectuated upon Village Square. The Supreme Court of Kentucky has defined that concept, stating:

> The essential elements of equitable estoppel are[:] (1) conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) knowledge, actual or constructive, of the real

---

[4] "Constructive knowledge . . . is a legal concept by which notice of some fact is imputed to one who, *by his knowledge of other facts*, should have expected the fact in question to be true, or at least have conducted further inquiry." *Bennett v. Nicholas*, 250 S.W.3d 673, 677 (Ky. App. 2007).

facts. And, broadly speaking, as related to the party claiming the estoppel, the essential elements are (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (3) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his injury, detriment, or prejudice.

*Fluke Corp. v. LeMaster*, 306 S.W.3d 55, 62 (Ky. 2010) (footnote omitted).

Appellants assert Village Square did not make any false representations, conceal material facts, or intend to conceal its correct address. However, as previously mentioned, this is a case of fraud by omission.[5] Village Square failed to provide sufficient information to the Secretary of State to allow service of process to reach its registered agent, as evidenced by the return of the certified mail addressed to its agent at the address it provided. Accordingly, the

---

[5] In *Hays v. Meyers*, 139 Ky. 440, 107 S.W. 287, 288 (1908), Kentucky's highest court held:

It is a general rule that the mere failure of a party to a contract to disclose material facts–that is, mere silence without more–does not amount to fraud if no inquiry is made by the other party. Something must be said or done to conceal the truth, **or there must be a partial or fragmentary statement**, or else the relation of the parties or the nature of the subject-matter of the contract must be such as to impose **a legal of [sic] equitable duty to disclose all material facts**.

(Emphasis added.) Even though the case herein does not concern a contractual relationship between the parties, Village Square still had a legal duty–mandated by statute–to disclose all material facts to ensure service could be accomplished upon its registered agent.

trial court did not err in finding that Hyde complied with his service requirements as to Village Square, and it was equitably estopped from claiming otherwise.

## Service as to National Redevelopment

Next, Appellants challenge Hyde's service as to National Redevelopment, an Ohio corporation, claiming there was an "irregularity" in how– more specifically to whom–the summons was issued. Yet, this issue was never raised before the trial court. Only issues fairly brought to the attention of the circuit court are adequately preserved for appellate review. *Elery v. Commonwealth*, 368 S.W.3d 78, 97 (Ky. 2012) (citing *Richardson v. Commonwealth*, 483 S.W.2d 105, 106 (Ky. 1972); *Springer v. Commonwealth*, 998 S.W.2d 439, 446 (Ky. 1999); and *Young v. Commonwealth*, 50 S.W.3d 148, 168 (Ky. 2001)). Accordingly, Appellants waived their ability to raise arguments concerning "irregularity" of the summons.

## No Valid Excuse to Set Aside Default

Appellants further claim their lack of knowledge of the suit constitutes a valid excuse for their failure to answer the complaint. Yet, "actual notice of the lawsuit is not required to effectuate service as long as it is done in compliance with the applicable statute." *HP Hotel Mgmt., Inc. v. Layne*, 536 S.W.3d 208, 214-15 (Ky. App. 2017) (citing *Cox v. Rueff Lighting Co.*, 589 S.W.2d 606, 607 (Ky. App.

-10-

1979)).  Here, as previously discussed, Hyde complied with the service requirements upon Defendants; therefore, actual notice was not required.

Appellants nevertheless maintain that "[a]ccepting that in personam jurisdiction can be acquired without actual notice to a defendant does not a fortiori create a rule that a showing of no actual notice may not constitute good cause sufficient to warrant the setting aside of a default judgment." *Cox*, 589 S.W.2d at 607.  While showing no notice *may* constitute good cause sufficient to warrant setting aside a default judgment, "[t]he facts and circumstances of each individual case should be weighed" in making such a determination.  *Id.*  Herein, the Secretary of State filed its return on the summons on February 8, 2019, showing it was returned undelivered.  Thus, National Redevelopment was effectively in default after its failure to respond from that date.  Hyde's failure to file a written motion requesting such default to be declared prior to the damages hearing is of no significance, nor does it provide a valid excuse for default by National Redevelopment.[6]

---

[6] "CR 55.01, however, requires notice only when the party has made an appearance before the court." *Green Seed Co., Inc. v. Harrison Tobacco Storage Warehouse, Inc.*, 663 S.W.2d 755, 758 (Ky. App. 1984).  As National Redevelopment had not entered an appearance at that point, no notice was required.

### No Meritorious Defense to Set Aside Default

Appellants next contend they demonstrated a meritorious defense because Hyde's complaint incorrectly listed the street address for the location of his fall. Appellants do not own or operate the property at the listed street address. Nevertheless, the body of the complaint also describes the location of the fall with sufficient detail–specifically stating Hyde fell in the parking lot owned by Village Square and managed by National Redevelopment near the location known as Subway–such as to include property owned and operated by Appellants. Further, Hyde provided the street address where the incident occurred, both in his deposition and at the damages hearings, which reflects the property owned and operated by Appellants. Thus, Appellants have not demonstrated a *prima facie* meritorious defense in this respect or any other.[7]

### No Lack of Prejudice to Set Aside Default

Appellants attempt to downplay the prejudice that would befall Hyde if the default judgments against them were to be set aside, claiming such "is not sufficient to constitute prejudice[.]" The trial court acknowledged that while there

_____

[7] Like *Statewide Environmental Services, Inc. v. Fifth Third Bank*, 352 S.W.3d 927, 931 (Ky. App. 2011), the record herein is "devoid of evidence of any meritorious defense" and Appellants basically ask for "an opportunity to defend themselves by conducting discovery and ascertaining whether or not they had counterclaims that could have been asserted." "This is not 'good cause' for reversal." *Id*.

are certainly cases in which the prejudice to the plaintiff would be greater than to Hyde herein, it does not mean the prejudice is nonexistent or inconsequential. Appellants compare this case to *Layne*, 536 S.W.3d 208. However, in that case, HP Hotel Management, Inc., "had established good cause through a valid excuse for its failure to answer, the absence of prejudice to Layne, and a meritorious defense[.]" *Id*. at 211. Here, Appellants have failed to meet any of the three criteria required to set aside the default judgments. Default in this case was not sought for almost three years after suit was filed. There was certainly no rush to judgment. Accordingly, we must affirm the trial court's denial of Appellants' motion.

## Joint and Several Liability

Next, Appellants argue the trial court erred by entering joint and several liability; however, they have failed to state where or how this issue was preserved. CR 76.12(4)(c)(v) requires, "at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner." Moreover, it appears this argument was never presented to the trial court. As previously discussed, only issues fairly brought to the attention of the trial court are adequately preserved for appellate review. *Elery*, 368 S.W.3d at 97. Consequently, we are "without

authority to review [this issue as it was] not raised in or decided by the trial court."

*Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 734 (Ky. 2009).

## CONCLUSION

Therefore, and for the foregoing reasons, the orders of the Bell Circuit Court are AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Daniel E. Murner
Lacey Fiorella
Lexington, Kentucky

BRIEF FOR APPELLEE, JIM HYDE:

John Brown
Daniel L. Farmer
Middlesboro, Kentucky