**Frank THACKER, Appellant,**

v.

**R. F. COAL COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 19, 1960.

V. R. Bentley, Pikeville, for appellant.

Sanders & Redwine, Pikeville, for appellees.

WADDILL, Commissioner.

The appeal is from a judgment of the Pike Circuit Court dismissing the petition for review (KRS 342.285) of a final order of the Workmen's Compensation Board. Therefore, the only question presented on this appeal is whether the Pike Circuit Court erred in dismissing the attempted appeal.

Appellant, a resident of Pike County, Kentucky, was employed by the appellee coal company, whose offices and place of business are located at Grundy and Willard Yard, Virginia. While at work in appellee's mine at Willard Yard, appellant was involved in an accident.

Thereafter, appellant filed an application with the Workmen's Compensation Board

of Kentucky, seeking compensation benefits from appellee Coal Company for the disability he allegedly sustained as a result of the accident. The appellee Coal Company moved to dismiss the application for compensation on the grounds that the compensation board did not have jurisdiction of the subject matter or of the defendant, because: (1) Neither the claimant nor his employer were operating under the Kentucky Workmen's Compensation Act at the time of the alleged accident; (2) the accident allegedly occurred in the state of Virginia; (3) the defendant's mine and place of business were wholly located within the state of Virginia. The compensation board sustained appellee's motion and entered an order dismissing the proceedings.

Appellant sought a review pursuant to KRS 342.285, by filing a petition for appeal in the Pike Circuit Court. Appellee Coal Company moved to dismiss the petition on the grounds that: (1) The Pike Circuit Court did not have venue for the appeal in this case; (2) the Pike Circuit Court did not have jurisdiction of the subject matter or of the person of the appellee; (3) the petition for review fails to state sufficient facts to support the relief requested; (4) the service of process upon the appellee was deficient. The Pike Circuit Court sustained appellee's motion and dismissed the petition for review.

Appeals from final orders or awards of the Workmen's Compensation Board to the circuit court are regulated by KRS 342.285. This statute provides in substance that either party may, by petition, appeal to the circuit court that would have jurisdiction to try an action for damages for the injuries if the Workmen's Compensation Act (KRS, Chapter 342) did not exist. The venue of an action for damages for personal injury is fixed by KRS 452.460 and 452.465. The former cited statute provides:

[Where action for injury to person, property or character must be brought.] "(1) Every other action for an injury to the person or property of the plaintiff, and every action for an injury to

the character of the plaintiff, against a defendant residing in this state, must be brought in the county in which the defendant resides, or in which the injury is done. * * *."

The latter statute provides:

"* * * an action against a defendant who may be proceeded against by a warning order, must be brought in a county in which the defendant resides at the commencement of the action; or in which he has property; or, in which a person resides against whom he has a valid claim for money or property."

It was incumbent upon appellant to satisfy the requirements of the statutes we have referred to in order to establish venue in the Pike Circuit Court. Since the petition for review was fatally deficient in failing to state the requisites of either KRS 452.460 or 452.465, the Pike Circuit Court was not authorized by KRS 342.285 to consider the appeal.

Judgment affirmed.