**William C. LEEP, Appellant,**

v.

**KENTUCKY STATE POLICE et al.,
Appellees.**

Court of Appeals of Kentucky.

Dec. 2, 1960.

R. I. McIntosh, Woodward, Hobson & Fulton, Louisville, for appellant.

Thomas A. Ballantine, Jr., McElwain, Dinning, Clarke & Winstead, Louisville, for appellees.

WADDILL, Commissioner.

The question to be resolved on this appeal is whether the Franklin Circuit Court erred in dismissing, for lack of jurisdiction, an appeal from an award of the Workmen's Compensation Board.

Appellant, William C. Leep, an employee of appellee, Kentucky State Police, sustained personal injuries from an accident which arose out of and in the course of his employment in Hardin County. Both appellant and appellee had accepted the provisions of the Workmen's Compensation Act. KRS, Chapter 342. Following a hearing of appellant's claim the Board entered an award. However, appellant sought a court review by prosecuting an appeal to the Franklin Circuit Court. Kentucky State Police moved to dismiss the appeal. This motion was sustained on the ground that the court did not have venue jurisdiction of the subject matter of the appeal.

Appeals from final orders or awards of the Workmen's Compensation Board are governed by KRS 342.285(1) which, in pertinent part, provides:

> "* * *, but either party may, * *, by petition appeal to the circuit court that would have jurisdiction to try an action for damages for the injuries if this chapter did not exist, for the review of such order or award, * * *."

 The doctrine of governmental immunity would prevent appellant from bringing an action for damages against the Kentucky State Police. Therefore, no appeal would be available to either of these parties if we strictly apply the terms of KRS 342.285(1). However, the Kentucky State Police has elected to operate under the provisions of the Workmen's Compensation Act and as a consequence its status is the same as any other employer who has accepted the Act. It follows that the appeal statute (KRS 342.285(1)) must be applied herein as if an action for damages were maintainable against the Kentucky State Police. This conclusion permits our circuit courts to have general jurisdiction of appeals prosecuted pursuant to this statute.

Inasmuch as the venue jurisdiction of the Franklin Circuit Court has been questioned, KRS 452.460 applies and restricts jurisdictional venue of the appeal to either the circuit court of the county wherein the injury occurred or the circuit court of the county wherein the defendant resides. In the instant case, the injuries were sustained in Hardin County and the defendant, Kentucky State Police, resides in Franklin County, as the seat of government is in Frankfort (Franklin County) according to Section 255 of the Kentucky Constitution. Thus, appellant could properly file his appeal either in the Franklin Circuit Court or the Hardin Circuit Court.

Wherefore, the judgment is reversed with directions to overrule appellee's motion to dismiss the appeal.