**Carl CABE, Commissioner of Labor, etc., Appellant,**

v.

**Henry DUDGEON et al., Appellees.**

Court of Appeals of Kentucky.

June 17, 1966.

Paul D. Rehm, Versailles, Martin Glazer, Dept. of Labor, Frankfort, for appellant.

Sam Neace, Jr., Florence, for appellee.

Robert C. Cetrulo, O'Hara & Ruberg, Covington, for Fennell Co., Inc., and Transamerican Surety Co.

DAVIS, Commissioner.

The question presented here is whether venue of an appeal from an award of the Workmen's Compensation Board properly lies in Kenton County. The trial court ruled that venue did not lie in Kenton County and dismissed the attempted appeal from the award of the Workmen's Compensation Board.

The venue of appeals from awards of the Workmen's Compensation Board is fixed by KRS 342.285, which provides, in pertinent part:

"* * * but either party may, within twenty days after the rendition of such final award or order of the board, by petition appeal to the circuit court that would have jurisdiction to try an action for damages for the injuries if this chapter did not exist, for the review of such order or award, * * *."

Venue of actions for damages for personal injuries, which is the measuring rod prescribed in the just worded statute, is fixed by KRS 452.460, the applicable portion of which is:

"Every other action for an injury to the person or property of the plaintiff, and every action for an injury to the character of the plaintiff, against a defendant residing in this state, must be brought in the county where the defendant resides, or in which the injury is done * * *."

It is conceded that the employer is a resident of Campbell County. The unusual nature of the claim has given rise to the question on appeal.

Appellee Dudgeon, an employee of appellee Fennell Company, Incorporated, has worked for many years at the trade of service and maintenance of furnaces. On July 25, 1963, Dudgeon worked for about eight hours on a "blower" and two units attached to it in Kenton County. Later that same night Dudgeon was stricken with chest pain and shortness of breath. He was taken to a hospital and placed in oxygen. In a day or two it was necessary that a tracheotomy be performed for Dudgeon. It is not necessary that we further detail the factual background for purposes of resolving the narrow issue at bar.

The Board's findings recited that Dudgeon "* * * is suffering from a respiratory condition which resulted in an injury to his heart and said injury so suffered arose out of and in the course of his employment with * * * Fennell Company as well as other companies mentioned in the evidence, at which the plaintiff had worked for a period of 37 years." The Board further found that the disablement of Dudgeon cannot be conclusively stated to be a result of his last injurious exposure and employment period with the Fennell Company, "* * * but was a result of his overall exposure during his employment with various companies over a period of 43 years previous to his filing his application for adjustment of claim." The Board's award was against the appellant, Special Fund.

We agree with the trial judge's observation that none of our decisions is dispositive of the issue at hand. Those decisions cited below, and considered here are: Leep v. Kentucky State Police, Ky., 340 S.W.2d 600; Thacker v. R. F. Coal Company, Ky., 332 S.W.2d 532; Martin v. Cornett-Lewis Coal Co., Ky., 287 S.W.2d 164 and Browning v. Moss Williams & Co., 306 Ky. 520, 208 S.W.2d 495.

However, we disagree with the conclusion reached below. It is our view that KRS 342.285, considered in light of KRS 452.460, includes Kenton County as a proper venue in this factual situation. Under the claimant's theory, accepted by the Board, the incident in Kenton County was the "last straw" that triggered Dudgeon's disability. It is true that he had worked and been injuriously exposed in many other counties, but so far as this record indicates it was the Kenton County exposure that caused his inchoate disabling condition to manifest itself. Presumably, until the Kenton County incident—or in its absence—there would have been no disability.

We are mindful of cogent reasons advanced by the learned trial judge for an opposite conclusion, but it is our view that the construction here placed on the pertinent statutes comports with the prevailing policy expressed in KRS Chapter 342 and decisions of this court dealing with in-

cidents "lighting up" or "triggering" latent or pre-existing conditions.

The judgment is reversed with directions to dispose of the appeal from the Board's award upon the merits.