Lilly PORTER, Appellant,

v.

Frank GOAD, Chairman, etc., et al.,
Appellees.

Court of Appeals of Kentucky.

Jan. 28, 1966.

As Modified on Denial of Rehearing
June 24, 1966.

Francis Dale Burke, Pikeville, for appellant.

Fred G. Francis, Prestonsburg, Robert Matthews, Atty. Gen., Frankfort, for appellees.

CULLEN, Commissioner.

Bascomb Porter, a long-time employee of Inland Steel Company in its coal mines, died of a coronary thrombosis. His widow, Lilly, sought workmen's compensation death benefits on the theory that the death was attributable to cor pulmonale which had developed from silicosis contracted by Bascomb during his employment. The Workmen's Compensation Board was not convinced by the evidence that there was a causal relationship between the heart condition and the presence of silicosis, and the board therefore entered an order denying the claim. On appeal to the circuit court the order was affirmed, and the matter now is before us on appeal from the circuit court.

Dr. Morris performed an autopsy on the body of the deceased employe in the presence of Dr. Fernandez (who was the attending physician at the death) and Dr. Patterson. Dr. Morris testified that the cor pulmonale resulting from silicosis was a "contributing factor" or "contributing cause" of the death, but he admitted that arteriosclerosis was "the main contributing factor" and that a diseased condition of the liver also was a contributing factor.

Dr. Fernandez stated it to be his opinion that the "cause" of the death from thrombosis was arteriosclerosis. When pressed on cross-examination he conceded that cor pulmonale "could be" a contributing cause in such a situation, but said that it "in this case wouldn't be the cause of death * * ." In substance, as concerns cor pulmonale's being a cause, he said only that no one could say positively that it was not contributory. He found no indication that Porter's heart had failed because of cor pulmonale.

Dr. Patterson testified unequivocally that there was no relationship at all between Porter's cor pulmonale condition and his ·death.

■   Obviously the evidence that the cor pulmonale was a substantial cause of Porter's death was not so strong, clear-cut, convincing or persuasive that the Board must be considered to have acted erroneously or unreasonably in refusing to be persuaded by it. See Lee v. International Harvester Company, Ky., 373 S.W.2d 418; Columbus Mining Company v. Childers, Ky., 265 S.W. 2d 443.

■   Even had Dr. Morris attributed a primary causative effect to the cor pulmonale (which he did not), the Board would not have been required to so find in the face of Dr. Patterson's flat denial that the cor pulmonale played any causative part at all. The mere fact that Dr. Patterson was not a heart specialist did not deprive his testimony of probative value. And although the appellant undertakes to picture the testimony of Dr. Fernandez as supporting her claim that cor pulmonale was a cause of death, the fact is that he merely admitted that it possibly could be a cause in some cases, while asserting his belief that it was not a cause in this case.

■   The appellant points to the fact that by a 1964 amendment to KRS 342.285 the legislature has provided for the use of the "clearly erroneous" test by the courts in reviewing findings of the Workmen's Compensation Board. He argues that this abolished the old "substantial evidence" test applied by the courts for so many years and he maintains that under the new test the finding of the board in the instant case should be set aside as clearly erroneous. The appellant overlooks the fact that the instant case is one in which the board *found against the person having the burden of proof*. In such cases the proper test never was whether the finding was "supported" by evidence, substantial or otherwise. The test was whether the evidence for the claimant was so strong as *reasonably to require* a finding in his favor. Lee

v. International Harvester Company, Ky., 373 S.W.2d 418. The reviewing court would not set aside the finding of the board unless the evidence in support of the claim was so clear-cut and convincing that the court justifiably could conclude that the board acted "erroneously" (i. e., unreasonably) in finding against the claim. Columbus Mining Co. v. Childers, Ky., 265 S.W.2d 443. The 1964 amendment effected no change in the test applicable in cases where the board has found against the claimant. The evidence in the instant case was not so strong as to *require* a finding for the claimant, and that was and still is the test.

The judgment is affirmed.