**Larry David JONES, Appellant,**

v.

**Billy Joe CAMPBELL, Appellee.**

Court of Appeals of Kentucky.

Nov. 29, 1968.

James M. Collier, Elizabethtown, Morris Britt, Radcliff, for appellant.

Maubert R. Mills, Madisonville, for appellee.

DAVIS, Commissioner.

Larry David Jones, claiming negligence on the part of Billy Joe Campbell, brought this action in the Muhlenberg Circuit Court seeking damages for personal injuries arising out of an automobile accident which occurred in Indiana when Campbell's car, in which Jones was a passenger, ran off the highway. The trial court dismissed the complaint on the ground that the Muhlenberg Circuit Court had no venue of the action because the accident did not occur in Muhlenberg County, and Billy Joe Campbell was not a resident of Muhlenberg County. KRS 452.460.

Appellant contends that the court erred in finding as a fact that Campbell was not a resident of Muhlenberg County but insists that even if Campbell were not a resident of Muhlenberg County the Muhlenberg Cir-

cuit Court had venue and jurisdiction pursuant to KRS 452.480, since process was served on Campbell in Muhlenberg County.

■ It is true that KRS 452.460 requires actions for injury to the person (with certain exceptions not here applicable) to be brought in the county in which the defendant resides, or in which the injury is done, if the action is "against a defendant residing in this state, * * *." The trial judge found as fact that the defendant was not a resident of Kentucky; hence, KRS 452.460 is not applicable to the situation at bar. An action for personal injuries is a transitory action unless localized by statute. Watts v. Thomas, 5 Ky. (2 Bibb) 458; 56 Am.Jur., Venue, pp. 3–4, Section 3.

KRS 452.480, formerly Civil Code, Section 78, provides:

"An action which is not required by the foregoing provisions of KRS 452.400 to 452.475 [to] [1] be brought in some other county may be brought in any county in which the defendant, or in which one of several defendants, who may be properly joined as such in the action, resides or is summoned."

Since the defendant was served with summons in Muhlenberg County and was not a resident of Kentucky, venue lay in Muhlenberg County by virtue of the just quoted statute, and the court erred in dismissing the complaint for lack of venue. Cf. Bishop v. Jackson, Ky., 91 S.W. 263, 28 Ky.Law Rep. 1136.

■ Appellee has moved for dismissal of the appeal on the ground that after the appeal was taken the appellant filed an action against appellee in the United States District Court, Western District of Kentucky, seeking the same relief which he seeks in the present action. Certified copies of the pertinent pleadings and orders of the federal court in that case have been filed in support of the motion to dismiss and reflect that the federal court dismissed the complaint because it did not state a claim upon which relief could be granted. It is suggested by appellee that the order of the United States District Court is res judicata. That may be true, but it is a defensive matter which should be determined by the trial court and is not passed on by this court on this appeal.

In 115 A.L.R. 121, et seq., is an annotation treating the question of whether a new action is an abandonment or waiver of a pending appeal involving the same issues and parties. As will be seen from examination of that article, the decisions are not in harmony, although there is authority supporting the rule that a party will be held to have waived or abandoned his right of appeal by prosecuting another action involving the same parties and issues. In 4 Am.Jur.2d, Appeal and Error, Pages 759 and 760, Section 264, it is recognized that the right of appeal may be waived by pursuing another inconsistent remedy. However, in 1 Am.Jur.2d, Abatement, Survival, and Revival, Page 45, Section 6, it is said: "Nor is the institution of a second action ground for abating or dismissing an appeal in the prior action." In support of that statement, United States v. A. H. Fischer Lumber Co., Charleston, S. C. (CA 4 S.C.) 162 F.2d 872, is cited, in which Judge Parker wrote for the court:

"A subsequent action may, under some circumstances, be abated because of the pendency of a prior action in an appellate court (See 1 Am.Jur. 47–48); but certainly the institution of a subsequent action is no ground for dismissing an appeal in a prior one. No authority is cited which remotely sustains such a proposition and we know of none." Id. 162 F.2d at 875.

It will be recalled that in the case at bar the action was dismissed, not on its merits, but on a preliminary procedural question. In such a case, it is our view that it would be improper to dismiss the appeal merely because the present appellant pursued a sepa-

1. See former Civil Code, Section 78, source of KRS 452.480.

 

rate remedy pending his appeal from the ruling on the procedural question. We do not decide or indicate what rule we may follow when this question may arise in circumstances different from those presented in this case.

The judgment is reversed for proceedings consistent with the opinion.

All concur.

