C. Leslie DAWSON, Commissioner, Department of Economic Security, Appellant,

v.

Troy WHITT, Appellee.

Court of Appeals of Kentucky.

June 6, 1969.

Paul E. Tierney and Forest Smith, Department of Economic Security, Frankfort, for appellant.

Ronald W. May, Pikeville, for appellee.

 

CULLEN, Commissioner.

Application under KRS Chapter 205 for aid for the allegedly dependent children of Troy Whitt was denied by the Kentucky Department of Economic Security on the ground that Whitt was not incapacitated from working and therefore the children were not dependent within the meaning of the statute. Whitt appealed to the circuit court which, after examining the evidence heard by the department, concluded that the evidence required a finding that Whitt was incapacitated. Accordingly, the circuit court entered judgment remanding the case to the department with directions to grant the application for aid. The department has appealed to this court from that judgment.

The medical evidence preponderated toward establishing that Whitt was incapacitated, either from physical conditions alone or from a combination of physical and mental conditions. However, one doctor reported that he found no evidence of any physical condition that would prevent Whitt from working, and another doctor (a psychiatrist) reported that although Whitt was suffering from a neurosis the condition was "moderate" and that a "real favorable prognosis would be through reeducation and rehabilitation." The department entreated Whitt to participate in the department's rehabilitation program, which not only would have provided rehabilitation services but would have paid him an hourly wage during the period of the program. However, Whitt refused to participate, expressing the fear that participation might impair his prospects for receiving additional *workmen's compensation.*

Upon this record we are not convinced that the evidence tending to establish Whitt's incapacity was so strong that the department must be considered to have acted unreasonably in not making a finding of incapacity. See Lee v. International Harvester Co., Ky., 373 S.W.2d 418; Porter v. Goad, Ky., 404 S.W.2d 795. Therefore, we hold that the circuit court erred in setting aside the order of the department.

The judgment is reversed with directions to enter judgment upholding the order of the Department of Economic Security.

MONTGOMERY, C. J., and MILLIKEN, OSBORNE, PALMORE, REED and STEINFELD, JJ., concur.