**UNITED PIPELINE CONSTRUCTION CO., Appellant,**

v.

Robert L. **KAELIN,** James R. Yocom, Commissioner of Labor and Custodian of the Special Fund; and Workmen's Compensation Board, Appellees.

James R. **YOCOM,** Commissioner of Labor and Custodian of the Special Fund; and United Pipeline Construction Company, Appellants,

v.

Robert L. **KAELIN** and Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

June 20, 1980.

Rehearing Denied Aug. 1, 1980.

Thomas G. Mooney, Ewen, Mackenzie & Peden, P.S.C., Louisville, for United Pipeline Construction Co.

John E. Stephenson, Dept. of Labor, Louisville, Kenneth Hollis, Dept. of Labor, Frankfort, for James R. Yocom, etc.

Robert L. Catlett, Jr., Louisville, for Robert L. Kaelin.

Before COOPER, HOWARD and WIN-TERSHEIMER, JJ.

COOPER, Judge.

This is an appeal from a judgment of the circuit court reversing an opinion and award of the Workmen's Compensation Board which found an employee to be 25% occupationally disabled. The circuit court reversed the findings, directing the Board to enter an order finding the employee to be totally and permanently disabled. The issues herein are: (1) whether the circuit court erred in failing to dismiss the employee's claim as not falling within the extraterritorial provisions of the Workmen's Compensation Act, KRS 342.670; (2) whether the circuit court erred in directing the Board to make a specific finding with respect to the employee's disability; and (3) whether the circuit court erred in affirming the method by which the Board computed the employee's benefits.

The appellee, Robert L. Kaelin, sustained a work-related injury on April 12, 1976, while in the employ of the appellant, United Pipeline Construction Company. The evidence established that the appellee had been hired by the appellant at its home offices in Louisville, Kentucky, on April 4, 1974. Thereafter, the appellee worked in Indiana (from April, 1974 until August, 1975), in Kentucky (from September through October, 1975), and in Ohio (from December 7, 1975, until his injury on April 12, 1976). The evidence further established that subsequent to the commencement of his employment in Ohio, the appellant had complied with the requirements for coverage under the Ohio Workmen's Compensation Act. After his injury, he applied for and received income benefits from the state of Ohio from June 11, 1976 until November 21, 1976.

Upon a hearing of the evidence, the Board determined that the appellee had sustained an injury of appreciable proportions and that his future earning capacity had been impaired. Accordingly, it found him to be 25% occupationally disabled. Furthermore, it determined that the appellee was entitled to extraterritorial coverage by the state of Kentucky pursuant to the language of KRS 342.670. However, it allowed the appellant to receive credit for payments already made to the appellee under the Ohio Workmen's Compensation Law in accordance with KRS 342.670(2). The Board attributed one-half of the appellee's disability to the appellant, and one-half to the Special Fund. The opinion and award of the Board was appealed by both the appellant and the Special Fund to the circuit court. That court determined that the opinion and award of the Board was contrary both to the law and the evidence, and remanded the case to the Board, directing it to enter a finding of fact that the appellee was totally and permanently disabled under the principles established in *Osborne v. Johnson*, Ky., 432 S.W.2d 800 (1968). It is from this judgment that both the appellant and the Special Fund now appeal.

The initial issue raised by the appellant and the Special Fund involves the question of whether the appellee is entitled to extraterritorial coverage. Under the statute, an employee is entitled to coverage under the Kentucky Workmen's Compensation Act if, at the time of the injury, one of the following conditions is present:

(a) his employment is principally localized in this state, or

(b) he is working under a contract of hire made in this state in employment not principally localized in any state, or

(c) he is working under a contract of hire made in this state in employment principally localized in another state whose workmen's compensation law is not applicable to his employer, or

(d) he is working under a contract of hire made in this state for employment outside of the United States and Canada.

In its findings of fact, the Board simply stated that the appellee was entitled to extraterritorial coverage pursuant to KRS 342.670. It did not state which of the above provisions was applicable to the appellee's claim. From a review of the record below, it is evident that the Board relied upon provision (1)(b) of KRS 342.670. In effect, it determined that the appellee, at the time of his injury, was working under a contract of hire made in this state in employment not principally localized in any state.

It is undisputed that the contract between the appellee and the appellant was made in this state. Consequently, the relevant question is whether the appellee's employment at the time of his injury was "employment not principally localized in any state." KRS 342.670(2), (4)(d) states:

. . . a person's employment is principally localized in this or another state when:

(1) his employer has a place of business in this or such other state and he regularly works at or from such place of business, or

(2) . . . he is domiciled and spends a substantial part of his working time in the service of his employer in this or such other state . . .

The appellant argues that at the time of the injury, the appellee was domiciled in Ohio, and therefore he was engaged in employment principally localized in that state. Accordingly, it contends that the appellee is not entitled to extraterritorial coverage by the state of Kentucky. Conversely, the appellee argues that at the time of his injury, he was not domiciled in Ohio but was merely residing there until the completion of that portion of his employment. Furthermore, the appellee argues that during the 2 year period in which he worked for the appellant, he worked in three different states, namely Ohio, Indiana, and Kentucky.

In spite of the appellant's argument that a literal meaning of KRS 342.-670(1)(b) dictates that the appellee not be covered under the provisions of the statute, we believe the basic question presented herein is whether the appellee was domiciled in Ohio at the time of his injury. KRS 342.670(1)(b). It is conceded that he spent a considerable part of his working time in Ohio prior to and subsequent to his injury. Nevertheless, for the appellee to be denied coverage under the statute, it is necessary that he be domiciled in that state as well. Although domicile may be the same as residence, it is not synonymous with it. Domicile is to be determined by the fact of residence and the intention of the party to remain a resident. See McIntosh v. Maricopa County, 73 Ariz. 366, 241 P.2d 801, 31 A.L.R.2d 770 (1952). Consequently, a person may have his residence in one place and his domicile in another. Missouri Pacific R. Co. v. Lawrence, 215 Ark. 718, 223 S.W.2d 823, 12 A.L.R.2d 748 (1949). Although the appellee may have resided in Ohio at the time of his injury, we do not believe, given the facts presented, that he had established his domicile in Ohio at the time of his injury. Therefore, we believe that he was entitled to extraterritorial coverage under the provisions of KRS 342.670(1)(b). In this respect, the circuit court was correct in upholding the decision of the Workmen's Compensation Board.

Secondly, the appellant argues that the circuit court erred as a matter of law in directing the Workmen's Compensation Board to find that the appellee was totally and permanently disabled. In effect, the appellant argues that as a reviewing court, the circuit court can not substitute its judgment for that of the trier of fact on questions of fact, if the latter's judgment is supported by substantial evidence. With this we agree. Under KRS 342.285, an ap-

pellate court's scope of review is limited, in part, to determining whether the order and award of the Board is clearly erroneous on the basis of reliable, probative, and material evidence, and to determining whether the order and award is in conformity with the provisions of the Act. The statute specifically states that a reviewing court shall not substitute its judgment for that of the Board as to the weight of the evidence on questions of fact. Here, the medical evidence was both voluminous and conflicting. Although there was some evidence that the appellee was unable to work subsequent to the injury, there was other evidence that he was only partially disabled.

As the Board determined that the appellee had failed to establish he was totally disabled, the question on review is whether the evidence presented by him was so strong as to compel a finding in his favor. *Porter v. Goad*, Ky., 404 S.W.2d 795 (1966). We cannot say the evidence presented requires such a finding for the appellee. Consequently, the Board's determination that the appellee was 25% occupationally disabled should have been conclusive on the circuit court. *Armco Steel Corp. v. Mullins*, Ky., 501 S.W.2d 261 (1973). The circuit court erred not only in refusing to be bound by the findings of the Board which were supported by substantial evidence, but by its action in directing the Board to make a finding that the appellee was totally and permanently disabled. Clearly, a circuit court does not have the authority to direct the Workmen's Compensation Board to find that an employee has sustained a specific degree of disability. *Yocom v. Conley*, Ky. App., 554 S.W.2d 416 (1977); *Glass v. Holloway Construction Co.*, Ky.App., 591 S.W.2d 712 (1980).

Finally, both the appellant and the Special Fund argue that the Board incorrectly computed the benefits to the appellee under *Transport Motor Express, Inc. v. Finn*, Ky., 574 S.W.2d 277 (1978). The computation by the Board was correct under the interpretation of *Finn, supra,* as made in *River Coal Co., Inc. v. Mullins*, Ky., 594 S.W.2d 875 (1979). Consequently, the argument of the appellant and the Special Fund in this respect is totally without merit.

Accordingly, the judgment of the circuit court is reversed and remanded, with directions that the opinion and award of the Workmen's Compensation Board of May 14, 1979, be reinstated.

All concur.