Drexel DAVIS, Treasurer of the Commonwealth of Kentucky and Custodian of the Uninsured Employers' Fund, Appellant,

v.

James L. WILSON, Earl Clark d/b/a Modern Car Crushers and Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

Aug. 29, 1980.

Withdrawn and Reissued Dec. 5, 1980.

Steven L. Beshear, Atty. Gen., John L. Pendley, Asst. Atty. Gen., Frankfort, for appellant.

William A. Watson, Middlesboro, Earl Clark d/b/a Modern Car Crushers, for appellee James L. Wilson.

Before BREETZ, HOWERTON and WHITE, JJ.

BREETZ,* Judge.

James Wilson was injured while working in Tennessee and filed for workers' compensation benefits in Kentucky. The board found that he had sustained both a compensable injury and an occupational disability but refused to award him benefits under the Kentucky act on the ground that he was outside the extraterritorial coverage of that act. Wilson filed a petition for review in the Bell Circuit Court. The circuit court reversed that portion of the order which had denied extraterritorial coverage. Only the Uninsured Employers' Fund has appealed from the judgment of the lower court. We affirm.

Wilson's employer was Modern Car Crushers, a proprietorship owned by the appellee Earl Clark. Clark would purchase junked cars and then crush them with a mobile car-crusher. In February, 1978 Clark resided outside Pineville, Kentucky in

* The decision was reached prior to Judge Breetz's departure from the Court.

a garage building located on U. S. 25E. He had a trailer at that site and operated his business from that trailer. Wilson was hired at Pineville on February 1, 1978. He was injured in Tennessee on May 16, 1978. He has not worked for Clark since his injury, and Clark no longer resides in Pineville. During the eleven weeks that Wilson was in Clark's employ he worked two weeks in Kentucky and nine weeks in Tennessee. The Uninsured Employers' Fund stipulated that Clark carried no workers' compensation insurance.

The Uninsured Employers' Fund makes two principal arguments on this appeal. One is that the lower court lacked jurisdiction to decide the petition for review. The other is that the lower court erred in determining that Wilson was entitled to the extraterritorial coverage of the compensation act.

The fund begins its argument with the premise that Clark was an indispensable party both in the proceedings before the board and in the proceedings in circuit court. The fund does not challenge the fact that Clark was properly notified of the compensation claim by the board, and Wilson does not challenge the fund's premise that Clark was an indispensable party to the proceedings in circuit court. Clark did not defend the proceedings either before the board or in circuit court. Likewise, he has filed no brief in this court.

The fund's jurisdictional argument is based upon KRS 342.285 which states that appeals from the board are "to the circuit court that would have jurisdiction to try an action for damages for the injuries if this chapter did not exist." Although the statute speaks in terms of jurisdiction, it has been construed to be a venue statute. *Cabe v. Dudgeon*, Ky., 404 S.W.2d 283 (1966). Clearly, if Wilson, a Bell County resident, had sustained a tortious injury in Tennessee at the hands of Clark, a resident of Tennessee, an action for that tort would be maintainable in Bell County if Clark were served with summons in Bell County. KRS 425.-480; *Jones v. Campbell*, Ky., 434 S.W.2d 653 (1968). The circuit court's exercise of personal jurisdiction over the nonresident in that case was authorized because the defendant was personally served in the county where the suit was filed. However, judicial review of a denial of an extraterritorial compensation claim need not rest on the vagary of personal service of a summons on the nonresident employer in the county in which the appeal is filed. The long arm statute, KRS 454.210, now provides an alternate method of securing personal jurisdiction over nonresidents. If that statute was validly used, venue was also in Bell Circuit Court because that is the county of Wilson's residence. KRS 454.210(4).

A Kentucky court may exercise personal jurisdiction over a nonresident in a claim arising from that person's transacting any business in Kentucky. KRS 454.210(2)(a)1. Clark's hiring and working Wilson in Kentucky were transactions of business in Kentucky and were sufficient to satisfy the minimum contacts principle enunciated in *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

■ The fund correctly states that a claim for workers' compensation benefits does not arise until an injury has occurred. It then argues that Wilson's claim arises from his injury in Tennessee and not from Clark's transacting business in Kentucky. We reject this argument. Compensation claims are based upon a legislative grant but they are triggered by an injury or an occupational disease. The grant is given only to those employees who satisfy the double predicate of employment and coverage. Wilson's claim to coverage arises out of Clark's transaction of business in Kentucky. The injury in Tennessee only triggered the claim. We hold that Wilson's use of the long arm statute was valid.

■ Wilson's petition for review was timely filed. Summons under the long arm statute was promptly served upon the Secretary of State who in turn promptly forwarded it by certified mail, return receipt requested, to Earl Clark d/b/a Modern Car Crushers, P. O. Box 12253, Knoxville, Tenn. 37912. The envelope containing that summons was returned to the Secretary of

State marked "unclaimed." We conclude from *Cox v. Rueff Lighting Company*, Ky. App., 589 S.W.2d 606 (1979), that Clark was properly served under the long arm statute.

Wilson claims entitlement to extraterritorial coverage under either subsection (a) or (b) of KRS 342.670(1). The subsections provide coverage to employees for injuries incurred outside Kentucky if:

(a) His employment is principally localized in this state, or

(b) He is working under a contract of hire made in this state in employment not principally localized in any state...

The phrase "principally localized" is used in both subsections and is defined in KRS 342.670(4) as follows:

(d) A person's employment is principally localized in this or another state when:

1. his employer has a place of business in this or such other state and he regularly works at or from such place of business, or

2. if subparagraph 1 foregoing is not applicable, he is domiciled and spends a substantial part of his working time in the service of his employer in this or such other state;

Thus there are two ways for Wilson's employment to be principally localized in either Kentucky or Tennessee. First, assuming that Clark had a place of business in both Kentucky and Tennessee, Wilson must regularly work from such a place of business. The word "regular" means "steady or uniform in course, practice or occurrence; not subject to unexplained or irrational variation." Black's Law Dictionary, Rev. 4th ed. (1968). This record sheds little light on the regularity of Clark's bringing his mobile car-crusher either to Kentucky or to Tennessee. All we know is that the business is very mobile,[1] that the crusher would move about every two weeks, and that out of his eleven weeks of employment Wilson worked two of them in Kentucky and nine in Tennessee. That does not indicate either a steady or uniform practice to work in either

of the two states. Wilson worked sporadically in both Kentucky and Tennessee but not regularly in either state. The employment was not principally localized in either state, and, thus, subparagraph 1 of KRS 342.670(4)(d) is inapplicable.

We must then turn to subparagraph 2. Wilson is and was domiciled in Kentucky at all times relevant to these proceedings. Almost twenty percent of his work experience with Clark was in Kentucky. That is a substantial amount of time, and, when coupled with his domicile, makes his employment principally localized in Kentucky under the definition contained in subparagraph 2 of KRS 342.670(4)(d). His out-of-state injury is thus compensable under KRS 342.670(1)(a). See *United Pipeline Construction Co. v. Kaelin*, Ky., 602 S.W.2d 176 (1980).

The last argument of the fund is that the lower court substituted its judgment for that of the board. Again, we disagree. Wilson was the only person who testified concerning the facts of his hiring and his work. There was no contradiction in his testimony. Contrary to the assertions of the fund, the circuit court applied the correct law to the undisputed facts. It did not usurp the fact-finding function of the board.

Accordingly, the judgment of the lower court is affirmed.

WHITE, J., concurs.

HOWERTON, J., dissents.

HOWERTON, Judge, dissenting.

I must respectfully dissent. I would conclude from the facts in this case: (1) that the extraterritorial coverage provided for by the Kentucky Workers' Compensation Act does not apply to Earl Clark, d/b/a Modern Car Crushers; (2) that Clark is an indispensable party; (3) that this claim should be brought and satisfied in Tennessee, and (4) that the Kentucky Workers'

---

1. The crusher was stated to be as long as a semi-trailer, and it was hauled from place to place by a tractor.

Compensation Board properly dismissed the claim. I would further conclude that any action by the Board must be reviewable by a Kentucky circuit court and that the Bell Circuit Court was a proper forum, but that it erred in requiring the Kentucky Treasurer and the Custodian of the Uninsured Employer's Fund to pay the claim of James L. Wilson.

I would reverse the judgment of the Bell Circuit Court.