RENDERED: FEBRUARY 2, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0429-MR

DAVID STONE AND STELLA
NATURAL RESOURCES, INC.                                              APPELLANTS


                        APPEAL FROM FLOYD CIRCUIT COURT
v.              HONORABLE JOHNNY RAY HARRIS, JUDGE
                        ACTION NO. 22-CI-00055


VOLVO FINANCIAL SERVICES, A
DIVISION OF VFS US LLC                                                APPELLEE


                              OPINION
                             AFFIRMING

                          ** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; KAREM AND McNEILL, JUDGES.

THOMPSON, CHIEF JUDGE: David Stone and Stella Natural Resources, Inc.

appeal from orders of the Floyd Circuit Court which denied Stone's motion to

dismiss and granted Volvo Financial Services' motion for summary judgment.

Appellants argue that the circuit court did not have personal jurisdiction over Stone

and that the court erred when it held that North Carolina law applied. Finding no

error, we affirm.

## FACTS AND PROCEDURAL HISTORY

In 2019, SNR RailOps bought over $400,000 worth of coal mining equipment from Volvo to use at its Ivel, Kentucky location.[1] It made this purchase via a secured promissory note. Appellants also executed a guaranty to Volvo guaranteeing that the note would be paid and making themselves liable if it was not. Stone is in a leadership position at SNR RailOps and is CEO of Stella Natural Resources. Stone signed the guaranty in his individual capacity and as CEO of Stella Natural Resources. We should note at this point that the guaranty contained a clause that it was to be interpreted according to North Carolina laws.

On February 7, 2022, Volvo filed the underlying cause of action against Appellants and SNR RailOps, LLC.[2] Volvo included two counts in its complaint: (1) a breach of contract claim against SNR RailOps for a balance owed on the note and (2) a breach of guaranty claim against Appellants. It sought a judgment against all three defendants in the amount of $205,158.60, plus interest and attorney fees.

Volvo properly served a summons and complaint upon SNR RailOps and Stella Natural Resources. In order to serve Stone, Volvo used the long-arm method set forth in Kentucky Revised Statute (KRS) 454.210. A copy of the

---

[1] The purchase was made through a dealer called Rudd Equipment Company.

[2] SNR RailOps, LLC is not a party to this appeal.

complaint and summons was delivered to the Kentucky Secretary of State and then mailed to Stone at an address in Colorado. This Colorado address was provided by Stone to Volvo in 2019 and was listed on the guaranty document. The record before us indicates that the Secretary of State sent the complaint and summons to the Colorado address as instructed. The record also indicates that the complaint and summons were later returned to the Secretary of State as being "unclaimed."

On March 18, 2022, SNR RailOps and Stella Natural Resources filed a joint answer to the complaint. In the answer, they alleged that the guaranty at issue was unenforceable because it did not conform to Kentucky's guaranty requirements set forth in KRS 371.065. SNR RailOps also admitted that it had not made the required payments on the equipment.

On May 5, 2022, Volvo filed a motion for default judgment against Stone because Stone had not timely filed an answer to the complaint. Volvo also sought summary judgment against SNR RailOps and Stella Natural Resources. On May 26, 2022, Stone filed a motion to dismiss for lack of personal jurisdiction and a response to the motion for default judgment. The motions indicated that Stone was a citizen of Australia and currently residing there. Stone also alleged that he had not lived at the Colorado address since 2020 and did not receive the complaint and summons. He also argued that Kentucky's long-arm statute did not confer Kentucky personal jurisdiction over him. SNR RailOps and Stella Natural

Resources responded to the motion for summary judgment requesting that they be allowed the opportunity to conduct discovery as to the accuracy of Volvo's debt deficiency calculation. They also again raised the issue of the guaranty not being enforceable in Kentucky.

On July 21, 2022, the trial court entered an order denying Stone's motion to dismiss and held that Kentucky had personal jurisdiction over him. The order also gave Stone ten days to file an answer to Volvo's complaint. Finally, the order continued the motion for summary judgment for ninety days, allowing discovery to take place.

On July 18, 2022, Stone filed his answer, but indicated he was preserving his right to appeal the jurisdiction and service of process issues. Stone's answer also argued that the guaranty could not be enforced in Kentucky. On November 18, 2022, Volvo filed a motion for summary judgment against Stone.

During discovery, Volvo admitted that the guaranty does not comply with the laws of Kentucky, but that it is valid pursuant to the laws of North Carolina. Volvo also indicated that Stone executed the guaranty while he was physically present in Prestonsburg, Kentucky; however, Stone alleged he executed the document while he was either in Colorado or Australia.

On March 30, 2023, the circuit court entered an order granting summary judgment in favor of Volvo. The court found that all defendants had been properly served and that Stone was served via Kentucky's long-arm statute. The court also found that SNR RailOps and Appellants owe Volvo $205,158.60, plus interest and attorney fees. This appeal followed.

## STANDARD OF REVIEW

> The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. . . . "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." Summary "judgment is only proper where the movant shows that the adverse party could not prevail under any circumstances." Consequently, summary judgment must be granted "[o]nly when it appears impossible for the nonmoving party to produce evidence at trial warranting a judgment in his favor[.]"

*Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996) (citations omitted). "Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo*." *Lewis v. B & R Corporation*, 56 S.W.3d 432, 436 (Ky. App. 2001). Additionally, we review the issue of personal jurisdiction *de novo*. *Hinners v. Robey*, 336 S.W.3d 891, 895 (Ky. 2011).

# ANALYSIS

The first issue we will address on appeal is whether the trial court had personal jurisdiction over Stone. KRS 454.210, Kentucky's long-arm statute, sets forth the requirements to bring a nonresident before Kentucky courts. KRS 454.210 states in relevant part:

> (1) As used in this section, "person" includes an individual, his executor, administrator, or other personal representative, or a corporation, partnership, association, or any other legal or commercial entity, who is a nonresident of this Commonwealth.
>
> (2) (a) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's:
>
> > 1. Transacting any business in this Commonwealth;
> >
> > . . .
>
> (3) (a) When personal jurisdiction is authorized by this section, service of process may be made:
>
> > 1. In any manner authorized by the Kentucky Rules of Civil Procedure;
> >
> > 2. On such person, or any agent of such person, in any county in this Commonwealth, where he may be found; or
> >
> > 3. On the Secretary of State who, for this purpose, shall be deemed to be the statutory agent of such person.

(b) The clerk of the court in which the action is brought shall issue a summons against the defendant named in the complaint. The clerk shall execute the summons either by:

1. Sending by certified mail two (2) true copies to the Secretary of State and shall also mail with the summons two (2) attested copies of plaintiff's complaint; or

2. Transmitting an electronically attested copy of the complaint and summons to the Secretary of State via the Kentucky Court of Justice electronic filing system.

(c) The Secretary of State shall, within seven (7) days of receipt thereof in his office, mail a copy of the summons and complaint to the defendant at the address given in the complaint. The letter shall be posted by certified mail, return receipt requested, and shall bear the return address of the Secretary of State. The clerk shall make the usual return to the court, and in addition the Secretary of State shall make a return to the court showing that the acts contemplated by this statute have been performed, and shall attach to his return the registry receipt, if any. Summons shall be deemed to be served on the return of the Secretary of State and the action shall proceed as provided in the Rules of Civil Procedure.

Here, Volvo alleged Stone transacted business in Kentucky, KRS 454.210(2)(a)1., by entering into the guaranty.

"The purpose of Kentucky's long-arm statute, KRS 454.210, is to permit Kentucky courts to exercise personal jurisdiction over nonresident defendants while complying with federal constitutional due process." *Caesars*

*Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 54 (Ky. 2011) (internal quotation

marks and citation omitted).

> [T]he proper analysis of long-arm jurisdiction over a
> nonresident defendant consists of a two-step process.
> First, review must proceed under KRS 454.210 to
> determine if the cause of action arises from conduct or
> activity of the defendant that fits into one of the statute's
> enumerated categories. If not, then *in personam*
> jurisdiction may not be exercised. When that initial step
> results in a determination that the statute is applicable, a
> second step of analysis must be taken to determine if
> exercising personal jurisdiction over the non-resident
> defendant offends his federal due process rights.

*Caesars Riverboat Casino*, 336 S.W.3d at 57. As it pertains to federal due process

rights,

> in order to subject a defendant to a judgment *in
> personam*, if he be not present within the territory of the
> forum, he [must] have certain minimum contacts with it
> such that the maintenance of the suit does not offend
> traditional notions of fair play and substantial justice. As
> such, due process protects an individual's liberty interest
> in not being subject to the binding judgments of a forum
> with which he has established no meaningful contacts,
> ties, or relations. By requiring that individuals have fair
> warning that a particular activity may subject [them] to
> the jurisdiction of a foreign sovereign, the Due Process
> Clause gives a degree of predictability to the legal system
> that allows potential defendants to structure their primary
> conduct with some minimum assurance as to where that
> conduct will and will not render them liable to suit[.]
>
> Where a forum seeks to assert specific jurisdiction
> over an out-of-state defendant who has not consented to
> suit there, this "fair warning" requirement is satisfied if
> the defendant has "purposefully directed" his activities at

> residents of the forum, and the litigation results from alleged injuries that "arise out of or relate to" those activities.

*Hinners v. Robey*, 336 S.W.3d 891, 897 (Ky. 2011) (internal quotation marks and citations omitted).

We believe that the Floyd Circuit Court had personal jurisdiction over Stone. Stone entered into the guaranty with Volvo in his individual capacity. The guaranty specifically stated that Volvo would not have entered into the contract with SNR RailOps without the guaranty. The guaranty also stated that SNR RailOps' obligation to Volvo was a "substantial benefit" to Stone. In effect, the guaranty allowed SNR RailOps to purchase equipment in Kentucky and use said equipment at its coal mine in Kentucky and this transaction benefitted Stone. We consider this the transacting of business in Kentucky.

We also believe federal due process was satisfied in this case. Stone and Volvo entered into a business transaction that allowed SNR RailOps to purchase, use, and pay a debt on coal mining equipment. This equipment was purchased and used in Kentucky. The guaranty and equipment purchase gave Stone "fair warning" that he could be subject to Kentucky's jurisdiction.[3] We find

---

[3] Volvo alleges that Stone was physically in Kentucky when he executed the guaranty. Stone alleges he was not. This issue is ultimately inconsequential in this case. "[E]xercising personal jurisdiction does not turn on whether the defendant at any point physically entered the forum state." *Hinners*, 336 S.W.3d at 898.

no error in the trial court's holding that the court had personal jurisdiction over Stone.

We now move on to Stone's argument that he was not properly served the summons and complaint in this case. Stone argues that the Colorado address used by Volvo was not valid and that the record shows the mailing was returned to the Secretary of State as "unclaimed." Volvo argues that service was proper in this case because Volvo comported with the long-arm statute.

In Kentucky, actual delivery of the summons and complaint is not required to perfect service pursuant to the long-arm statute. *Davis v. Wilson*, 619 S.W.2d 709, 711 (Ky. App. 1980); *Cox v. Rueff Lighting Co.*, 589 S.W.2d 606, 607 (Ky. App. 1979). We believe the trial court was correct in finding a valid service of process. Here, it is undisputed that Volvo and the Secretary of State carried out all the requirements of KRS 454.210. The Secretary of State, acting as Stone's agent, KRS 454.210(3)(a)3., sent the complaint and summons to Stone at his last known address in Colorado. This address was provided to Volvo by Stone in 2019; therefore, at one point, it was a valid address. In addition, Stone was an executive at SNR RailOps and Stella Natural Resources, which were also his codefendants, and they informed him of the underlying suit. Furthermore, Stone and the other defendants are all being represented by the same attorney. Finally,

no default judgment was entered against Stone and he was able to participate on the merits of the case.

We conclude that, pursuant to *Davis*, *Cox*, and KRS 454.210, Stone's service of process was sufficient. Alternatively, because Stone was able to fully participate in the case and the trial court had personal jurisdiction over him, any error regarding service of process would be harmless error. Kentucky Rules of Civil Procedure (CR) 61.01.

Appellant's final argument on appeal is that the trial court erred in concluding that North Carolina law applies to the guaranty.[4] For a guaranty to be valid under Kentucky law, certain requirements must be met as set forth in KRS 371.065. Volvo admitted during discovery that the guaranty at issue did not comply with KRS 371.065; however, there is a choice of law provision in the guaranty that requires North Carolina law be applied.[5] While the trial court did not make a specific finding in its summary judgment order that North Carolina law applied, we believe it is implied.

We find no error here and conclude the guaranty is valid. The parties entered into an agreement that stated the guaranty would be enforced pursuant to

---

[4] Volvo's principal business office is located in North Carolina.

[5] Appellants do not make an argument that the guaranty was not enforceable pursuant to North Carolina law.

North Carolina laws. Both parties cite to *Wallace Hardware Co., Inc. v. Abrams*, 223 F.3d 382 (6th Cir. 2000). *Wallace* also revolves around a guaranty with a choice-of-law provision. In *Wallace*, the guaranty required that Tennessee law be applied. The Court in that case held that there is no evidence the parties did not freely enter into the guaranty or have an opportunity to consider the choice-of-law ramifications. *Id.* at 394. There was also no evidence of a disparity of bargaining power. *Id.* The Court ultimately upheld the guaranty's choice-of-law provision.

We find *Wallace* persuasive. This case concerns a simple breach of contract that was fairly negotiated. Appellants knew what obligation they were guaranteeing and agreed to the choice-of-law provision. We do not believe that Kentucky has such a fundamental interest in this agreement that the choice-of-law provision should be ignored.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the Floyd Circuit Court.

ALL CONCUR.

| BRIEFS FOR APPELLANTS: | BRIEF FOR APPELLEE: |
|---|---|
| Matthew R. Lindblom | Susan M. Argo |
| Louisville, Kentucky | Cincinnati, Ohio |